No. 12,390.

## CONDIT, EXECUTOR, v. WINSLOW ET AL.

DECEDENTS' ESTATES.—*Executor.*—*Diligence in Collecting Indebtedness.*—*Liability.*—An executor, who is indebted to the estate of his testator, and fails to pay such indebtedness, when solvent, becomes chargeable therewith in his account with his trust, notwithstanding that he may afterwards and before final settlement become insolvent.

SAME.—C. was indebted to the estate of W., of which he was executor. Such indebtedness was represented by a promissory note executed by C. who, as executor, and being then solvent, placed credits on the note indicating the full payment thereof, but really paid nothing thereon. He afterwards on final settlement claimed credit for the amounts so credited on the note, representing that the same was a mistake on his part, and that he had, since that time, become insolvent.

*Held*, that he was not entitled to such credits, but was chargeable with the full amount of such indebtedness, in his account with his trust, and, as such executor, liable therefor.

From the Marion Circuit Court.

*A. P. Stanton* and *J. E. Scott*, for appellant.

*E. A. Brown* and *L. M. Harvey*, for appellees.

HOWK, J.—On the 13th day of December, 1884, appellant, John D. Condit, executor of the last will of Alonzo B. Winslow, deceased, presented to and filed in the court below his final settlement report, duly verified, with accompanying vouchers, for the approval and confirmation of the court. Thereafter, on the 27th day of May, 1885, proof was made to the satisfaction of the court, that notice of the pendency of such report, and of the time set for the hearing thereof, had been given as required by law; and thereupon the appellees, as the heirs at law of such testator, appeared and filed in open court their exceptions in writing to the appellant's final settlement report. On the same day the matters arising under the appellant's final report, and appellees' written exceptions thereto, were submitted to the court for trial and determination; and the court, having heard the matters aforesaid, and the evidence adduced by the parties, sustained certain of the exceptions and refused to allow appellant cer-

tain credits claimed by him, and ordered that he be held chargeable, as executor, with the sum of $1,586.75, that he be not discharged from the duties of his trust, and that the estate of his testator be not closed and settled, to all which rulings and orders appellant at the time excepted. His motion for a new trial was overruled by the court, and to this ruling he excepted and filed his bill of exceptions, and appealed to this court.

Appellant has assigned here a number of errors, but an examination of the record has led us to the conclusion that the only questions we are required to consider and decide properly arise under the alleged error of the court in overruling appellant's motion for a new trial. In his final report, as executor, appellant claimed that he was entitled to certain specified credits in his account with his trust. The court refused to approve or allow the credits thus claimed, and charged the appellant, as executor, with the amount of such credits. The question for our decision, and the only question, may be thus stated: Upon the evidence appearing in the record, and the law applicable thereto, was appellant entitled to the credits, claimed by him as executor, in his account with his trust?

It may be noted *in limine,* that the only evidence adduced upon the trial, as shown by the bill of exceptions, was the appellant's final settlement report, duly verified by him, in the matter of his testator's estate, and his oral testimony to the effect that he was the executor of such estate, and that the report filed by him for final settlement was true, and the facts therein stated were correctly stated and were true.

It was shown by appellant's final report that a very large portion of his testator's estate, wherewith he was chargeable as executor, consisted of a promissory note for $2,000, dated January 31st, 1874, executed by the appellant, Condit, and payable one day after date to the order of his testator, Alonzo B. Winslow, then in full life, with ten per cent. interest until paid. The record does not clearly disclose the date of Winslow's death, but it would seem that a payment of $722.03,

on the principal of the note, was made on June 9th, 1875, to Winslow in his lifetime. Two subsequent payments appear to have been made on the note to appellant, as executor, both on August 15th, 1879, one for $534.63, "interest in full to date," and the other for $1,277.97, "balance due in full on the within note." With reference to the two sums of money last mentioned, the appellant in his final report says: "They were never actually paid, although endorsements to that effect have been made on such note. These endorsements were made on the note, in preparation for a report to the court in partial settlement of such estate, and the interest was charged against me in report No. 2. It was my expectation, at the time report No. 2 was filed, to be able to make a final settlement of such estate within a short time, and I was then in such pecuniary circumstances that I could, when necessary and upon short notice, procure such sums of money as would be required to pay such note, and make final settlement of such estate. I, therefore, at the time of preparing such report No. 2, credited the note with the balance of the principal then due, and with the interest to that date, and charged myself with the interest in such report, deeming it of little consequence (having then no thought of insolvency), whether my liability to the estate remained upon the note or upon the amount charged against me in my report."

The theory of appellant and his counsel manifestly is that appellant is entitled to the cancellation of his receipts, endorsed on the note, because he, as an individual, never paid to himself, as executor, the sums of money expressed in such receipts; and that then he, as executor, could return his note, as an individual, to the court as an insolvent and uncollectible asset, and lawfully claim and obtain a credit in his account with his trust for the balance then appearing to be due, of principal and interest on such note. Appellant's counsel further claim that the action of the executor in charging himself in his report No. 2 with interest received, when no interest was in fact paid, was such a mistake on his part as

the court could and ought to correct.    On the other hand, appellees' counsel vigorously insist that appellant is estopped by his receipts endorsed on the note to deny the payment of the money to him, in his representative character.    We need not stop to inquire whether or not this insistence of counsel is strictly correct; because, upon appellant's own statements heretofore quoted in this opinion, by his failure to use due diligence in collecting the money due on the note when he was solvent and could, "upon short notice, procure such sums of money as would be required to pay such note," he became and was as much chargeable, in his account with his trust, with the whole amount due on the note, of principal and interest, as he would have been if the money had been paid to him, as executor, in actual cash.    In *Miller* v. *Steele*, 64 Ind. 79, the court said : "The law demands of an executor or administrator diligence in the discharge of the duties of his trust.  * * *  If the executor or administrator is lenient or indulgent to the debtors of his decedent, and forbears to sue them, he acts at his peril and incurs a personal liability, which may result in serious loss."

Section 2299, R. S. 1881, requires that "Every executor and administrator shall proceed with diligence to collect the debts and demands due the estate of the deceased;" and in the *third* clause of section 2458, R. S. 1881, it is provided that any executor or administrator may be sued on his bond by any creditor, heir, legatee, or surviving or succeeding executor or administrator, co-executor or co-administrator, of the same estate, for "failure to use due diligence in collecting claims due the estate."    So that we are clearly of the opinion that upon his own statements, as set forth in his final report, appellant became and was liable, immediately upon his qualification as such executor, to account at once to the court for the amount then due on his note to his testator, as so much money then in his hands, as executor, to be administered.    The note was then past due, and, of course, it be-

came and was the duty of appellant, as, executor, to charge himself at once, in his account with his trust, with the amount then due on his note, as so much money then in his hands belonging to his testator's estate.

It follows, of necessity, from what we have said, that the court committed no error in any of its rulings against the appellant or of which he has any right to complain.

The judgment is affirmed, with costs.

Filed March 25, 1886.