No. 13,758.

## BEARDSLEY, EXECUTOR, v. MARSTELLER.

DECEDENTS' ESTATES.—*Devastavit by Administrator.*—A *devastavit* occurs when an executor or administrator wastes the assets of the estate, and consists of any act, omission or mismanagement by which the estate suffers loss; or a *devastavit* may result from the payment of claims which, by the exercise of diligence, the administrator might have ascertained to be unjust and illegal.

SAME.—*Insolvent Estate.*—*Refunding Receipt.*—*Recovery upon.*—*Consideration.* —Where an administrator pays to a creditor of the estate the full amount of his claim and takes a receipts containing an agreement to the effect that, in the event the estate is found to be insolvent, the creditor will refund to the administrator the amount received less the dividend to which he is entitled, there is no *devastavit,* the agreement is upon a sufficient consideration, and if the estate proves to be insolvent the administrator may enforce repayment.

From the Warren Circuit Court.

*R. P. Davidson,* for appellant.

*F. B. Everett,* for appellee.

MITCHELL, J.—This action was commenced by Nicholas Marsteller against George T. TenEyck, to recover money paid by the plaintiff, as administrator of the estate of A. J. Morley, deceased, on a claim which the defendant held against the above mentioned estate. Pending the suit the death of TenEyck was suggested on the record, and George T. Beardsley, executor of his estate, was substituted as defendant.

The special finding of the court presents all the facts material to be considered in determining the merits of the controversy. It is found that TenEyck had a claim amounting to $1,368 against the estate of Morley, which had been duly allowed. Marsteller, as administrator, paid the claim in full, and took a receipt, to which was attached an agreement, the effect of which was that, if the estate turned out to be insolvent, TenEyck bound himself to refund to Marsteller the

amount received, with interest from date, less the amount of any dividend which the claimant might be entitled to receive on his claim. Payment was made to TenEyck by the assignment of a sheriff's certificate of sale of certain real estate, which was part of the assets of the estate in the hands of the administrator, the same having been accepted by the former as cash. TenEyck realized the full face value of the certificate in money.

The estate of Morley was finally settled as insolvent, and the administrator discharged on the 1st day of April, 1885, the dividend or *pro rata* share of TenEyck on his claim being $41.76. The latter refused upon demand to repay Marsteller according to his agreement. Conclusions of law in favor of the plaintiff below.

The appellant's position is, that the duties of an administrator are prescribed by statute, which requires him to settle the estate either as solvent or insolvent, and that the plaintiff had, therefore, no right to commit what was in effect a *devastavit* upon the estate, and rely upon an agreement with a third person for indemnity. Moreover, it is argued that the agreement to repay the money was without any consideration, since TenEyck received nothing more than the amount due him from the estate.

A *devastavit* occurs whenever an executor or administrator wastes the assets of the estate, and consists of any act, omission or mismanagement by which the estate suffers loss, or a *devastavit* may result from the payment of claims which, by the exercise of proper diligence, the administrator might have ascertained to be unjust and illegal. *Ayers* v. *Lawrence*, 59 N. Y. 192 (197). Any loss which results to an estate from the misapplication of funds by an executor or administrator, is to be made good without detriment to others. Payment of a just and legal claim against an estate is not, however, a *devastavit*, or wasting of the estate. If an executor or administrator, without exercising due care, pays a claim in full, when the estate is insolvent, he takes the chance of losing

the excess over the amount which the claimant would have received in the dividend among creditors. The estate or the creditors can lose nothing, as the administrator must make the amount good out of his own pocket. When an administrator pays a just debt due from the estate to a creditor, the law raises no promise against the creditor to repay any part of the amount in case of a deficiency of assets. *Egbert* v. *Rush*, 7 Ind. 706. Hence it is settled that in the absence of an agreement to refund, an administrator who has paid money on account of a just debt can not recover it back, on the ground that, by reason of insufficient assets, not arising from their accidental destruction, loss or failure, it afterwards appears that he has made an over-payment by mistake, unless the mistake was induced by the fraudulent conduct of the creditor. *Carson* v. *McFarland*, 2 Rawle, 118; . *Davis* v. *Newman*, 2 Rob. (Va.) 664.

The practice of taking refunding receipts is, however, a very old one, and we know of no authority which holds, nor of any reason for holding, that a creditor who has received payment in full, upon an agreement to refund, may repudiate his agreement, and leave the administrator to bear the loss. Such an agreement is not in violation of any statute, nor is it intrinsically wrong or immoral. It scarcely needs to be said that such an agreement is not without consideration to support it. The present case is not distinguishable in principle from *Wheeler* v. *Hawkins*, 116 Ind. 515, in which an agreement similar to that here in question was held valid and binding.

Other questions not affecting the merits are suggested, but they involve no error.

The judgment is affirmed, with costs.

Filed Oct. 16, 1889; petition for a rehearing overruled Dec. 17, 1889.