New *et al. v.* New *et al.*

No. 14,869.

NEW ET AL. *v.* NEW ET AL.

FRAUDULENT CONVEYANCE.—*Plaintiff Himself Having Conveyed Land Sought to be Reached is not Estopped.*—*Collateral Attack on Decree of Settlement.*— A father bequeathed his real and personal estate to his wife during her life, to be used and enjoyed by her as she might direct. The real estate, however, could not be sold nor disposed of until after her decease, unless it was necessary for her support and maintenance after the personal property had been exhausted. The rents and profits were given to the wife. After the death of his wife, all his real estate, and such of his personal estate as she had not consumed, were given, in equal parts, to his three children, John, George and Mary. His wife qualified as executor, and loaned George, of the assets of the estate, several thousand dollars, taking his notes due to herself personally. After his mother's death John qualified as executor of his father's will and recovered judgment on the notes in favor of his father's estate, and it was a part of the judgment that no execution should issue upon the judgment until the estate was settled. At the final settlement of the estate, this judgment against George was assigned, by decree of the court, to John, and it was decreed that there was due thereon from George to John a specified amount. In an action by John against George to subject the interest in the real estate, which he had inherited from his father, and which it was alleged he had fraudulently conveyed to his wife, and that he was insolvent, to this decree,

*Held,* that the complaint stated a good cause of action, and that there were not two or more causes of action improperly joined; that John was not estopped from subjecting the real estate that George had fraudulently conveyed to his wife to his claim, by reason of the fact that he, John, had himself conveyed all his interest therein by a warranty deed, he having the right to prosecute the action for the benefit of his grantee and to save himself from liability on his warranty; that the decree in the settlement of the father's estate settled the right of John to recover the balance due on the judgment against George, and that that fact could no longer be controverted.

SAME.—*Statute of Limitations.*—*Practice.*—*Immaterial Error.*—The wife of George plead the six years' statute of limitations.

*Held;* that the facts alleged in the complaint, which were not controverted and were matters of record introduced in evidence, showed that the cause of action arose within six years previous to the commencement of the action, and that there was no available error in sustaining a demurrer to the answer.

DECEDENTS' ESTATES.—*Heir's Share of Proceeds Set Off Against Debt Due*

*Estate.*—A debt due the estate from a legatee may be retained out of his distributive share of the surplus proceeds of the estate and applied to the payment of a debt due the estate from such heir, although such indebtedness arose after the death of the decedent.

ADVANCEMENT.—*Money Borrowed by an Heir from the Estate.*—Money borrowed from the estate by an heir may be treated as an advancement in an action brought by the heirs for a partition of the decedent's estate after the estate is settled.

From the Marion Circuit Court.

*B. F. Davis* and *W. H. Martz,* for appellants.

*R. O. Hawkins* and *H. E. Smith,* for appellees.

OLDS, C. J.—The plaintiff John C. New first filed his complaint, on January 21, 1886, against George W. New and Adelia New, his wife, W. Clinton Thompson and Mary C. Thompson, his wife, Casper Carter, Frank New, and Elizabeth New.

The substantial averments of this paragraph are as follows:

That on the 20th day of December, 1877, the defendant George W. New executed to the plaintiff his note for $1,-700.00, due three months after date; that said note, remaining unpaid on the 28th day of December, 1882, the plaintiff sued thereon in this court, and in said action recovered a judgment, on the 20th day of December, 1877, for $2,200.00, which remains unpaid, and on which judgment execution has been returned *nulla bona;* that on the — day of January, 187-, John B. New died testate, at said county, the owner in fee simple of the south half of lot two (2), in block forty-seven (47), in the city of Indianapolis, Indiana, and of a large amount of personal property, and that on the — day of January, 1872, said will was duly admitted to probate in said county; that by the terms of said will he bequeathed " the whole of his estate to Maria New, his wife, to have, hold, and use the same during her natural life, and at her death said will provided that whatever remained should be

equally divided between his three children, the defendants
Mary C. Thompson, George W. New, and the plaintiff John
C. New; that while said estate was in the hands of, and un-
der the control and management of said Maria New, she
loaned to the defendant George W. New, of the funds of
said estate, on the 1st day of May, 1872, five thousand dol-
lars, for which she took his note, due ten months after date,
and on the 19th day of July, 1872, she loaned said George
W. New, of the funds of said estate, seven hundred dollars,
for which he executed and delivered his note to said Maria
New; that Maria New died in 1880, and at that time no part
of either of said notes had been paid; that the plaintiff was ap-
pointed executor of said will, and on the 20th day of Novem-
ber, 1880, he qualified as such, and as such executor of the
will of John B. New, deceased, he recovered judgment
against the defendant George W. New, upon said notes given
to the said Maria New in this court on the 1st day of July,
1884, for eleven thousand six hundred and twenty-four dol-
lars and six cents; that it was provided in said judgment
that no execution should issue on the same until after the
final settlement of the estate of said John B. New, deceased,
should be made; that in 1885 the plaintiff, as such executor,
made final settlement of said estate, in which it was adjudged
that of said judgment in his favor, as such executor
against George W. New, there was due to the plaintiff
the sum of $4,813.68, by reason of the fact that he was
then the owner of Mrs. Thompson's interest in said es-
tate, and to equalize him under the provisions of said will;
that on the 3d day of February, 1880, defendant George
W. New conveyed without consideration his undivided one-
third of said real estate to the defendant Mary Thompson,
by quitclaim deed, for the purpose of defrauding his credit-
ors; that the defendant George W. New has occupied a
portion of a building erected upon said south half of lot two
(2), in block forty-seven (47), by the plaintiff, at his sole ex-
pense, and which portion is of the rental value of $20 per

month, and has never paid any rent; that Mrs. Thompson never exercised any control over the premises; that on the 3d day of February, 1880, the defendant George W. New was the owner of certain other real estate described, the title to which by the judgment was quieted in the defendants Adelia New and Frank New, which he conveyed without consideration to the defendant, Caspar Carter, for the purpose of defrauding his creditors (but these pieces of real estate are no longer in issue and will not be further noticed). Prayer, that said several conveyances be set aside and said several parcels of real estate be sold to pay plaintiff's judgment.

On the 7th day of June, 1886, the plaintiff filed two additional paragraphs of complaint, the second paragraph averring the same facts regarding the will and estate of John B. New and the conveyances of George W. New to defendant Mary Thompson of his one-third part of the real estate of which John B. New died seized, averred the settlement of the estate of John B. New, and the judgment of $4,813.08, and adds the additional averment that after such conveyance to her the said defendants Mary Thompson, and W. Clinton Thompson, her husband, conveyed the same to the defendant, Adelia New, without consideration.

The third paragraph avers the recovery of the judgment on the note mentioned in the first paragraph of the complaint executed by George W. New to the plaintiff, that it is unpaid, the conveyance of certain other property to the defendant Caspar Carter, by defendant George W. New, without consideration, and to defraud his creditors, and that all the defendants claim some interest in the said real estate so conveyed.

Each paragraph charged the insolvency of defendant George W. New, and prays for setting aside the deeds of conveyance named therein, and asks that the real estate be sold to pay plaintiff's debts, etc.

The defendants Adelia New and Frank New each filed

their separate demurrer to each paragraph of the complaint, stating as causes for demurrer that neither paragraph of complaint stated facts sufficient to constitute a good cause of action, and that " there are two or more causes of action improperly united " in the complaint.   Which demurrer was overruled and exceptions reserved.   The defendants, Adelia and Frank New, filed a joint answer in two paragraphs.   The first a general denial, and the second pleaded the six years' statute of limitation to the second and third paragraphs of the complaint.

The plaintiff demurred to the second paragraph of answer for want of facts, which was sustained and exceptions to the ruling noted.

Adelia New filed a separate answer, setting forth that, as to said real estate of which John B. New died seized, the plaintiff was estopped to prosecute this suit for the reason that before the bringing of the suit the plaintiff had conveyed the same by warranty deed, for a valuable consideration, to one Harry S. New, who, before the commencement of this suit, conveyed the same for value by warranty deed to Elizabeth New, who claims title to the same by virtue of said several conveyances, and that by reason thereof the plaintiff is estopped from subjecting said real estate to the payment of said judgment of. the plaintiff against the said defendant, George W. New.   To this paragraph of answer plaintiff replied in denial.

The defendant Adelia New filed a cross-complaint against the plaintiff, in which she averred that on the 28th day of February, 1880, she became the owner, by purchase, for a valuable consideration, from the defendant George W. New, of his undivided one-third interest in the south half of lot two (2), in block forty-seven (47), in the city of Indianapolis, and is still the absolute owner in fee thereof; that on the 15th day of April, 1876, the First National Bank of Indianapolis, Indiana, recovered judgment against the defendant George W. New, and others, in this court, for $2,148 and

costs, taxed at $34.86, and that afterwards, on the 9th day
of April, 1881, sold on execution the real estate on Wash-
ington street, described in the complaint as the property of
the defendant George W. New, to satisfy said judgment;
that the plaintiff purchased the same at said sheriff's sale for
$2,000, and received his certificate of purchase therefor, and
which certificate he assigned to the said Adelia New on the
8th day of September, 1881, and upon which certificate she
obtained the deed from said sheriff, for said real estate, on
the 4th day of December, 1882, since which time she has
been the absolute owner of said real estate; that on the 14th
day of April, 1876, the First National Bank recovered judg-
ment in this court against the defendant George W. New,
and others, in the sum of $2,148 ; that on the 3d day of July,
1878, the bank assigned the judgment to this plaintiff, and
on the 9th day of April, 1881, defendant George W. New,
and others, in the sum of $2,148 ; that on the 3d day of July,
1878, the bank assigned the judgment to this plaintiff, and
on the 9th day of April, 1881, defendant George W. New
paid on said judgment $2,000, and on the 7th day of Sep-
tember, 1881, the plaintiff being the owner thereof by assign-
ment, assigned said judgment to cross-complainant Adelia
New, and that she on the 6th day of April, 1886, had said
judgment revived, and the lien thereof continued, and that
there is due and unpaid thereon the sum of $1,032; that on
the 3d day of October, 1879, in the circuit court of Hen-
dricks county, Indiana, the plaintiff recovered judgment
against the defendant George W. New, in the sum of $1,-
231.71 ; that on the 30th day of January, 1881, the plaintiff
filed in the office of the clerk of the Circuit Court of Marion
county a certified copy of said judgment, and on the 7th day
of September, 1881, the plaintiff assigned said judgment to
her, and that in said circuit court, on the 6th day of March.
1886, said judgment was revived against the defendant George
W. New; that the same remains due and unpaid, in the sum
of $1,705.92.   Prayer that her title be quieted to the said

real estate described in her cross-complaint, and that her said judgments be decreed superior liens to the judgment of the plaintiff.

The plaintiff demurred to the cross-complaint, which was overruled, and plaintiff answered in two paragraphs. The first a general denial. The second paragraph averred, so far as relates to the south half of lot two (2), in block forty-seven (47), in the city of Indianapolis, that the same was the property of the estate of John B. New, and that the conveyance to the plaintiff was without consideration, and for the purpose of defrauding creditors of George W. New, and that cross-complainant had full knowledge that her husband, George W. New, had received a large amount of said estate in excess of his share. That cross-complainant demurred to the second paragraph of answer to her cross-complaint which was overruled, and she replied thereto in denial.

The defendant Frank New filed a cross-complaint, in which he claimed to be the owner in fee for value, and in good faith, of a part of the real estate described in the plaintiff's complaint, and asked that his title be quieted.

The defendant, Elizabeth New, filed an answer in which she avers that the plaintiff conveyed the south half of lot 2, in block 47, in the city of Indianapolis, to Harry S. New, who conveyed the same to her and that she is the owner thereof.

Upon the issues joined the cause was tried by the court, resulting in a finding against the defendants George W. New and Adelia New, and the separate motion of each for a new trial was overruled, and exceptions taken and judgment rendered. Appeal was taken to the general term of the superior court and the judgment of the special term affirmed.

The first question discussed by counsel is an alleged error of the court in overruling a motion to strike out parts of the complaint. We are not referred to any part of the record presenting any question as to the overruling of a motion to strike out any part of the complaint, and from an

examination of the record we have not been able to find any record of such a motion having been filed or ruled upon, hence we do not consider the question. The next question presented is the ruling on the demurrer to the complaint. We do not think there was any error in this ruling. The paragraphs of the complaint were sufficient to withstand a demurrer.

It seems that the widow of John B. New loaned the money to George W. New, and after her death the appellee, John C. New, was qualified as the executor of the last will of said John B. New, and as such executor obtained judgment against said George W. New on said notes for nearly $12,-000, and afterwards, on final settlement, the balance due on the judgment was transferred and decreed to be due the appellee, John C. New, as a part of his distributive share in said estate. The former adjudications settled the right of the said appellee to recover the balance due upon the judgment. The complaint further alleges a fraudulent transfer by George W. New of the real estate for the purpose of defrauding his creditors, and it further shows that the said Adelia New is the wife of the said George W. New.

It is further contended that the court erred in sustaining the demurrer to the second paragraph of the answer of Adelia and Frank New pleading the six years' statute of limitation. The facts stated and alleged in the complaint, which are not controverted, and are matters of record introduced in evidence, show that the cause of action did arise within six years previous to the commencement of the action, and there is no available error in sustaining the demurrer to this paragraph of answer.

It is next claimed that the court erred in overruling the demurrer to the reply of appellee, John C. New, to the separate answer of Adelia New, which answer alleged that as to said real estate of which John B. New died seized, plaintiff was estopped from subjecting said real estate to sale for the payment of his judgment, for the reason that he had con-

veyed said real estate by warranty deed to Harry S. New, who, before the commencement of this suit, had conveyed the same to Elizabeth New who claims title to the same. A bad reply is good to a bad answer. Possibly, as against Harry S. or Elizabeth New, the plaintiff would have been estopped from subjecting the real estate, which he had conveyed by warranty deed, to sale for the payment of his judgment, but this defence was not available to the appellant, Adelia New. It may have been the purpose of the grantor in subjecting it to sale to perfect his title for the benefit of his grantees.

The next question presented arises upon the overruling of the motion for a new trial, as to the sufficiency of the evidence to support the finding and judgment.

Items one and two of the will of John B. New are as follows:

" Item first. I will and bequeath to my wife, Maria New, all of my estate, real and personal, during her natural life, to be by her used and enjoyed as she may direct : *Provided,* however, that it is my will that the real estate of which I may be seized shall not be sold or in any way disposed of until after her decease, unless the same may be necessary for her support and maintenance after my personal property has been exhausted ; and further direct that the rents and profits of my real estate, after payment for necessary repairs, shall be by my wife used as she may direct.

" Item second. After the death of my said wife, it is my will and desire that all of my real estate of which I may die seized, as well as all the personal property which shall not have been used by my said wife, shall be equally divided between my children, George W. New, Mary C. Thompson and John C. New, or their heirs respectively, share and share alike."

After the death of John B. New, George W. New borrowed of the widow about $8,000 in money, and executed his notes to her for the same. After the death of the widow

the appellee John C. New was appointed executor of the last will of his father, John B. New, and as such executor brought suit against George W. New on the notes given to his mother, the widow, and recovered judgment upon the notes, and it was ordered that execution should not issue thereon until after the settlement of said estate. Upon the final settlement of the estate, it was found that there was due the estate on said judgment $4,813.68 from George W. New over and above the amount of his share of the personal property, and for the purpose of settling said estate the judgment in favor of the estate against George W. New was, by order of the court, transferred to John C. New as a part of his portion of the estate. It is contended, on the part of the appellants, that the money borrowed by George W. New of his mother was her individual money, and not the money of the estate. This can not be maintained in this case, for the reason that it is settled against the said George W. New, in the former adjudications between him and the estate in the suit wherein the judgment was rendered; again on the settlement of the estate, when by order of the court the judgment was transferred to John C. New as a part of his share of the estate, and by reason of which transfer the said George W. New received a larger portion of the other property of the estate; for by treating the judgment as a part of the assets of the estate of John B. New, the amount due to each legatee would be proportionately greater, and George W. New received his share out of the other property of the estate, and he is precluded from again litigating this question. These former adjudications set at rest the question as to whom the money loaned belonged; and, in this case, it must be treated as a part of the estate of John B. New which passed to the legatees by the terms of the will, the same as if it was a part of the personal estate of which the testator died the owner, and which had not been consumed, or used by the widow in her lifetime.

There yet remains the further question as to whether or

not John C. New had the right in equity to have the portion
of the real estate which George W. New took by the will
applied to the payment of the judgment.   By the terms of
the will the three children took the estate, real and personal,
of the father, in equal parts, subject to the right of the widow
to use and control the same during her life.   During the life
of the widow she advanced, in the shape of a loan, to George
W. New, some $8,000.   In equity, when she died the es-
tate ought to be so adjusted and distributed as that each of
the other children would receive an equal amount with
George W.   The fact that he procured a portion of the
money in the custody of the mother to which the other two
were entitled, even by giving a note for its repayment, ought
not to give him any advantage in the distribution of the es-
tate, and, in equity, we think it should be treated as an ad-
vancement to him.   If an advancement, then in a partition
of the real estate between the heirs he would only have such
interest in the real estate as would be due him after adjust-
ing the advancement.   But the parties have sought another way
of adjusting and equalizing the estate between the legatees.
The executor brings suit, and recovers judgment against the
legatee, George W., who borrowed a part of the funds of the
estate.

In the case of *Fiscus* v. *Moore*, 121 Ind. 547, it was held
by a majority of this court, and is now the settled law of the
State, that a debt due an estate of an intestate from an heir
may be retained out of his distributive share of the surplus
proceeds of real estate which has been regularly sold in or-
der to make assets to pay debts, as against one who took a
mortgage pending the settlement of the estate, with knowl-
edge of the indebtedness.   If an administrator has the right
to apply money due the heir for his share of real estate,
which accidentally comes into his hands by reason of the non-
divisibility of real estate, so that only a sufficient amount
can be sold to pay the debts of the estate, by reason of which
indivisibility the administrator is compelled to sell all the

land, thereby reserving a surplus from the sale of the real estate to the payment of a debt due the estate, then the administrator certainly has the right, in equity, in case no sale is made of the real estate by which a surplus comes into his hands, to have the interest of the heir applied to the payment of the debt due the estate. In that case it is said: "The right of heirs to participate equally in the estate of their ancestor is superior to that of a lien-holder with notice."

This recognizes the doctrine that there exists a right to have an equal distribution of the estate between heirs devisees, and legatees, and for that purpose there exist, in equity, a lien and right to have such a portion of an estate, whether real or personal, as goes to the heirs, applied to the payment of a debt due from the heir to the estate. In the case at bar, and in like cases, the estate vested, subject to the rights of the widow, and the testator contemplated an equal distribution of such portion of his estate as remained at the death of the widow between the legatees, share and share alike.

In this case the widow had full power to use such portion of the estate as necessary to supply her wants during her life, and at her death provision was made for an equal distribution of the estate remaining between the three children; before her death one obtains possession of a portion of the the funds constituting a part of the estate, and executes his note for the same, which becomes a part of the assets of the estate. The portion of the real estate which George W. took by the will was subject to the payment of the judgment taken for the portion of the personal estate which he had obtained, and the executor had the right to have it subjected to sale to pay the debt, or in a partition of the real estate the other devisees had the right to have it treated as an advancement, so that the debtor had no interest in the real estate except the amount remaining in excess of the amount of the judgment. The executor having the right, to subject the land to the payment of the judgment, the

assignee also had the same rights. See, also, *Foltz* v. *Wert,* 103 Ind. 404; *Peck* v. *Williams,* 113 Ind. 256 ; *Alleman* v. *Hawley,* 117 Ind. 532; *Carver* v. *Fennimore,* 116 Ind. 236 ; *Koons* v. *Mellett,* 121 Ind. 585.

It is contended that George W. had conveyed the real estate to his wife, Adelia, for a valuable consideration, before the commencement of this suit, and as against her the land can not be subjected to the payment of the judgment. The question of consideration for the deed to her is disputed, and there is evidence tending to prove that there was no valid consideration for such conveyance. This court must treat it as a voluntary conveyance, without any consideration; and she took only such interest in the land as her husband, in fact, had, subject to the equities of the co-tenants. We do not deem it necessary to further discuss the evidence in the case, or the form of the judgment.

There is no error in the record for which the judgment should be reversed, all of the appellants having filed disclaimers except Adelia New.

Judgment is affirmed, at costs of Adelia New.

ELLIOTT, J., took no part in the decision of this case.

Filed April 1, 1891.