STATE EX REL. DEPARTMENT OF FINANCIAL INSTITUTIONS
*v.* KAUFMAN.

[No. 27,472.   Filed January 13, 1941.]

*Wade H. Free,* of Anderson, for appellant.

*Coulter M. Montgomery,* of Seymour, for appellee.

SHAKE, J.—The court below sustained the appellee's demurrer for want of facts to the appellant's amended complaint. The appellant elected to stand on its complaint and has appealed, assigning error on the action of the court in sustaining said demurrer.

The suit was to enforce payment on a stockholder's liability for a 100 per cent assessment growing out of the insolvency of a state bank, which closed and entered into liquidation on October 31, 1931. The complaint was drawn on the theory that the appellee was the owner of certain shares of the capital

stock of the bank at the time it ceased to operate, the allegation relating to that subject reading as follows:

"(6) That on the 16th day of May, 1931, one Nathan Kaufman died, the owner of twenty (20) shares of the capital stock of said Citizens Bank, Anderson, Indiana, of the par value of one hundred dollars per share. That said Nathan Kaufman left surviving him as his sole and only heirs at law his son, the defendant Arthur S. Kaufman, and his widow, Margaret Kaufman, and that prior to the marriage of the said Nathan Kaufman and said Margaret Kaufman, said parties duly entered into an ante-nuptial agreement by which the said Margaret Kaufman waived and released all of her right, title and interest in and to the estate of said Nathan Kaufman in event of the death of Nathan Kaufman prior to her death; that the said Nathan Kaufman, at the time of his death, was a resident of Jackson County, Indiana, and that his estate was administered in the Jackson Circuit Court, and on the basis of said ante-nuptial agreement all of the property and assets of the estate of said Nathan Kaufman became the property of the defendant Arthur S. Kaufman by inheritance, the said *Nathan* (Arthur S.) Kaufman being the son and sole and only heir at law of said Nathan Kaufman, except said Margaret Kaufman, and that in the process of the administration of said estate assets thereof in excess of the sum of seventy thousand dollars was turned over to the defendant Arthur S. Kaufman; That by the death of the said Nathan Kaufman and by virtue of said ante-nuptial agreement, the said Arthur S. Kaufman became the owner of the said twenty shares of stock in Citizens Bank, Anderson, Indiana; that the said Nathan Kaufman died the owner of said twenty shares of stock in said Citizens Bank, Anderson, Indiana, prior to the closing of said Citizens Bank, Anderson, Indiana, and prior to the 31st day of October, 1931, and the defendant Arthur S. Kaufman became the owner of said twenty shares of stock in said Citizens Bank, Anderson, Indiana, by inheritance from his father Nathan Kaufman prior to the 31st day of October, 1931; and the said Arthur S. Kaufman had possession of the certificate of stock evidencing

and representing the ownership of said twenty shares of stock prior to the 31st day of October, 1931, though said certificate of stock was not surrendered to said Citizens Bank, Anderson, Indiana, and never became assigned to the said Arthur S. Kaufman or registered in his name as the owner thereof on the books and records of said Citizens Bank, Anderson, Indiana."

There was no motion to make the amended complaint more specific or to require the plaintiff to plead facts to sustain conclusions, and all conclusions of fact contained in said complaint must therefore be considered as allegations of the facts required to sustain such conclusions. § 2-1005, Burns' 1933, § 155, Baldwin's 1934.

The court below apparently took the view that the ownership of the stock in controversy by the appellee was not sufficiently charged. It may be observed that, generally, upon the death of an intestate, title to his personalty vests in the legal representative of his estate, where it remains until the property is sold and the proceeds applied to the payment of the debts of the decedent and the expense of administration, or distributed to the heirs. 24 C. J., § 710, p. 201. This is in contradistinction to the rule with respect to real estate, title to which vests in the heirs immediately upon the death of the owner, subject only to being divested to provide funds with which to discharge the debts of the decedent and the costs of administering the estate. *Reed, Admr.* v. *Brown* (1939), 215 Ind. 417, 19 N. E. (2d) 1015. Ordinarily, the representative of an estate is charged with the responsibility of converting the personal property of the decedent into cash and making proper distribution thereof (§ 6-801 and § 6-1411, Burns' 1933, § 3083 and § 3201, Baldwin's 1934), though corporation stock is not usually sold, but is distributed and transferred in kind, under

direction of the court. (§ 6-805, Burns' 1933, § 3086, Baldwin's 1934.) Such personal representative is regarded as an officer of the court and must look to the court or the law for his authority in dealing with the assets of the trust. In *Interstate Public Service Co.* v. *Weiss, Admr.* (1935), 208 Ind. 122, 130, 193 N. E. 226, 229, it was said:

> "An executor or administrator does not have absolute power over the personal property of the decedent and cannot do the things his decedent could do, except he do it in the manner and mode prescribed by our statutes. While he can sell the personal property of a decedent in a proper case, yet he is limited and bound by the statutes as to the method and manner of making such sale. Appellant was bound to know that the executor of George H. Grise's estate could not make a valid and legal sale and transfer of said stock at private sale until he had first been authorized so to do, by an order of the proper court, for such was and is the law of this state, which its citizens, individually or corporate, are conclusively presumed to know."

From the allegation of the amended complaint quoted above, it sufficiently appears that the bank stock in question belonged to the appellee's father at the time of his death; that the appellee was the father's sole and only heir at law; that there was an administration upon the father's estate; that assets of the estate in excess of $70,000 were turned over to the appellee; and that the appellee had possession of the certificate representing said bank stock, but that it was not assigned to him on the books of the bank. It is not made to appear, however, that the bank stock was ever distributed to the appellee by the administrator, or that the certificate therefor was included in the assets turned over to the appellee by the administrator; nor is it shown that the appellee's possession of the certificate was, in any manner, gained through

the administration of said estate, or that such possession was obtained subsequent to the death of the appellee's father. On this state of the record, the allegation that the appellee "Arthur S. Käufman became the owner of said twenty shares of stock in said Citizens Bank, Anderson, Indiana, by inheritance from his father Nathan Kaufman," when read in the light of the entire recital in which it appears, is a conclusion of law rather than of fact. Complaints are not aided by conclusions of law found therein. *State of Indiana ex rel. Dept. of Financial Institutions* v. *Hardy,* Cause Number 27478, this day decided, page 79 this volume.

The court below did not err in sustaining the demurrer to the appellant's amended complaint, and the judgment is therefore affirmed.

NOTE.—Reported in 30 N. E. (2d) 978.