## MARTIN, EXECUTOR, v. UNION TRUST COMPANY OF INDIANAPOLIS, INDIANA

[No. 27,932. · Filed November 22, 1943. Rehearing denied December 20, 1943.]

*Jesse E. Martin* and *Daily, Daily & Daily,* all of Indianapolis, for appellant.

*Johnson & Zechiel,* of Indianapolis, for appellee.

FANSLER, C. J.—This is an appeal from a judgment approving the appellee's final report as executor. All

of the property which came into the executor's hands is accounted for, and about this there is no controversy.

The report recites that prior to the death of Nellie B. Curnick she intended to give certain securities to her niece; that she did in her lifetime execute and deliver to her niece powers of attorney, by means of which the niece procured certain securities and negotiated the same and reduced the proceeds thereof to her possession; that the niece claimed these funds, amounting to approximately $16,000, as her own property; that the appellant had importuned the executor to bring an action to recover these funds as property of the estate; that the executor had informed itself concerning the facts; that after its decedent's death her will was contested upon the grounds of mental incompetency, fraud, and duress, all of which issues were decided against the contestor; that by reason of this litigation and the evidence adduced, the executor believed that at the time the gift was made the testatrix was of sound mind and disposing memory, and that she was not unduly influenced or defrauded. It is further recited that the appellant caused the appellee to appear before the Probate Court of Marion County in 1936 to answer a petition for an order directing the executor to bring suit against the niece, that the matter was fully presented to the Probate Court and the petition was denied; that afterward the executor filed a petition to sell real estate to pay debts, that the appellant herein filed a cross-petition objecting to the sale upon the ground that the funds in the hands of the niece were the property of the estate, and that such funds could be recovered in a proper action, and that therefore there was sufficient personal property to pay debts and no necessity for selling real estate for that purpose, that there was a hearing upon this question and an order

made to sell real estate to pay debts. It is further recited that the executor consulted its attorneys, and, together with its attorneys, consulted the Judge of the Probate Court administering the estate, concerning the advisability of bringing such a suit; that the attorneys advised against such action because of the expense and great uncertainty of recovery, and that the court at no time advised such an action. It is then recited that the executor brings the doubtful claim against the niece into court for the benefit of the creditors, heirs, and legatees of the decedent.

To this report, Jesse E. Martin, executor of the will of Paul C. Curnick, filed exceptions, alleging that the niece of Nellie B. Curnick had in her possession $16,000, which was part of the estate; that the executor had negligently failed to use due diligence in attempting to collect, and wrongfully refused to make any attempt to collect the monies or demand an accounting; that by reason of these facts the estate has been damaged in the sum of $16,000; and that the final report is incorrect in that the executor does not charge itself with such sum. There is a prayer that the report be held incorrect, and that the executor be charged with $16,000 in addition to the sums accounted for.

On the issues raised by the report and the exceptions, there was a trial by the court, special findings of facts and conclusions of law, and judgment approving the report as filed.

Error is assigned upon the overruling of the appellant's motion for a new trial and upon the conclusions of law.

The principal issue before the trial court was the correctness of the report, and whether the executor should be charged with $16,000, the amount of the alleged gift to its decedent's niece. See *Condit, Execu-*

tor, v. *Winslow et al.* (1886), 106 Ind. 142, 5 N. E. 751. The part of the report which sought approval of the assignment of the claim to the creditors, heirs, and legatees as a desperate claim, pursuant to § 6-913, Burns' 1933, § 3111, Baldwin's 1934, is only incidental. The appellant, in its brief, says it has no interest in the assignment of the claim, since it is now worthless because of the statute of limitations.

The appellant contends at some length that there was no proof by the appellee of a gift to its decedent's niece, but this was not the issue. The issue was whether the executor was chargeable with such negligence and neglect in failing to press the claim that it should be charged with the value of the property involved. The court found that the contention that the property in the hands of the niece was the property of the estate was before the court in the hearing on the exceptions to the petition to sell real estate to pay debts, and it is further found "that at other times the matter of bringing suit on the claim against Lois Torbert was presented to the Probate Court of Marion County, but that said Court did not deem it advisable to order the executor to prosecute said suit. . . . that the executor was justified in believing either that the claim of Lois Torbert to the funds retained by her were valid gift to her by the said Nellie B. Curnick during her lifetime or that the claim of the estate to said funds was of such doubtful character that he would not be justified in putting the estate to the expense of a suit to collect them."

Appellant says that the niece was incompetent to testify. But this is not a claim against the estate. Her evidence was competent to show what her claims and contentions were. It is contended that Mrs. Curnick's physician was incompetent as a wit-

ness, but, we think, upon the question of the good faith of the executor, the court had a broad discretion in hearing testimony. The fact that the advisability of prosecuting a claim against the niece was repeatedly submitted to the court administering the estate, and the appellant's contentions fully heard upon at least one occasion, is sufficient in itself to sustain the finding of the trial court that there was no fraud or culpable negligence upon the part of the executor.

We find no error.

Judgment affirmed.

NOTE.—Reported in 51 N. E. (2d) 357.