**INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Petitioner-Appellant,**

v.

**ESTATE OF Herman COHEN, Deceased, Respondent-Appellee.**

No. 1–571A181.

Court of Appeals of Indiana, First District.

June 22, 1982.

Linley E. Pearson, Atty. Gen., William Eric Brodt, Deputy Atty. Gen., Indianapolis, for petitioner-appellant.

David H. Goeller, Patrick, Gabbert, Wilkinson, Goeller & Modesitt, Terre Haute, for respondent-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Petitioner-appellant Indiana Department of State Revenue, Inheritance Tax Division (Tax Department) appeals from a negative judgment entered in the Vigo Superior Court in a bench trial, which favored Respondent-appellee Estate of Herman Cohen, Deceased (Estate) upon the Tax Department's petition for rehearing, reappraisement and redetermination of inheritance and transfer tax.

We reverse.

## STATEMENT OF THE FACTS

Herman Cohen (decedent) died on August 6, 1979, leaving an estate with assets valued in excess of $1,000,000. Included therein were four unsecured, interest-free promissory notes, having a face value of $112,000. These notes were executed by Martha Foulkes (Martha) within two years of decedent's death. In the schedule of all property, the Estate claimed the fair market value of the notes was $0.00 because Martha was insolvent at the time of decedent's death. Martha, a residuary beneficiary of decedent's estate, received approximately $716,792.71 as her distributive share. On December 19, 1980, the trial court entered findings of fact and conclusions of law wherein it found that Martha was insolvent at decedent's death and the notes were worthless assets of the estate.

## ISSUES

The Tax Department presents the following two issues for review. However, because we are reversing, we shall only discuss Issue One.

I. Whether promissory notes, given to the decedent in his lifetime by a maker who is insolvent at the decedent's date of death but who is a residuary beneficiary of the decedent and by virtue thereof becomes possessed of funds more than sufficient to pay the notes, should be listed in the decedent's taxable estate at their face value?

II. Whether the guid [sic] pro quo given by the decedent for certain non-interest bearing demand promissory notes, within two years of his death, constituted transfers made in comtemplation of death pursuant to Ind. Code 6–4.1–2–4(a)(2) and Ind.Code 6–4.1–2–4(b).[1]

## DISCUSSION AND DECISION

The Estate contends the promissory notes are worthless for inheritance tax purposes because Martha, the maker of the notes, was insolvent at the decedent's date of death. The Tax Department disagrees, arguing that Martha was solvent and financially able to pay off her indebtedness at the time of decedent's death by virtue of her legacy from decedent's estate. Both the Tax Department and the Estate agree that the assets in decedent's estate must be reported at their fair market value as of the date of decedent's death. However, the Tax Department contends that the fair market value of the notes should be determined by their collectibility.

On appeal, the judgment of the trial court will be upheld if it can be sustained on any legal theory supported by the record. *National Mutual Insurance Company v. Fincher*, (1981) Ind.App., 428 N.E.2d 1386. In reviewing a negative judgment, the Court of Appeals abstains from reweighing the evidence and resolving all credibility issues, and considers only that evidence favorable to the appellee and all reasonable inferences drawn therefrom. *Glen Gilbert Construction Company, Inc. v. Garvish*, (1982) Ind.App., 432 N.E.2d 455. A party appealing from a negative judgment must establish that the evidence is without conflict and leads to but one conclusion, that which is not reached by the trial court. *Campbell v. City of Mishawaka*, (1981) Ind. App., 422 N.E.2d 334.

In support of its argument, the Tax Department cites *Quinn v. Peoples Trust & Savings Company*, (1945) 223 Ind. 317, 60 N.E.2d 281; *Hayes v. Second National Bank of Richmond*, (1978) Ind.App., 375 N.E.2d 647; *In re Lowe's Estate*, (1946) 117 Ind.App. 554, 70 N.E.2d 187, for the proposition that Indiana courts have held property of a decedent vests in the residuary beneficiaries at the testator's death. Continuing its argument, the Tax Department asserts Martha may have been insolvent before the testator's death, but at his death she was solvent in the amount of $716,792.71, which sum represented her distributive share of the testator's estate. Therefore, the Tax Department concludes, Martha was financially able to pay her indebtedness to the estate at the testator's death and the promissory notes are worth their full face value. Having found no Indiana cases directly on point, the Tax Department cites *Gearhart's Ex'r and Ex'x v. Howard*, (1946) 302 Ky. 709, 196 S.W.2d 113, a Kentucky case facing the identical issue. In *Gearhart's*, the Kentucky court had to decide whether a note or

---

1. We agree with the Tax Department that a presumption was raised pursuant to Ind.Code 6–4.1–2–4(b) that the $112,000 given by decedent to Martha represented a transfer in contemplation of death, and therefore was taxable. The money was given within two years of decedent's death when decedent was 90 years old. The notes were interest-free and unsecured. The only evidence the Estate introduced to re-
but the presumption of taxability were the notes themselves. While the transaction has the appearance of a loan, no valuable consideration was offered by Martha who eventually inherited approximately three-quarters of decedent's estate. We believe that the transfers represented taxable gifts made in contemplation of death.

other obligation of an insolvent beneficiary, whose share equals or exceeds the value of the obligation, has a value subject to inheritance tax and is taxable to such beneficiary. Therein, testator's son had executed two promissory notes payable to the testator. At the time of testator's death, his son claimed he was insolvent and had no assets other than his distributive share of testator's estate. The Kentucky tax department assessed inheritance tax on the value of the testator's estate including the full face value of the son's two notes, arguing that where the share of a beneficiary equals or exceeds the value of the promissory notes, such notes have value subject to inheritance tax and are taxable to the beneficiary. The Kentucky tax department in *Gearhart's, supra*, at 114, argued

"... that at the instant of death of the testator the insolvent maker of the notes became solvent, and such note[s] immediately acquired a value to the estate because they can be collected, and a value to the beneficiary because he liquidates a liability."

In its holding, the court in *Gearhart's, supra*, at 114, stated:

"We find that at the time of the death of the testator the insolvent beneficiary becomes solvent and the notes acquire value to the estate because they can be collected or sold. We find that the obligation is valuable to the beneficiary for the reason that he liquidates a liability and therefore receives something of value. Likewise, the notes have value to the other beneficiary as the residue estate is increased by the amount of such notes and the interest due thereon. We see no reason why this beneficiary should not be required to pay the same amount of tax as is paid by his sister. The notes are personal property belonging to an inhabitant of this state and passed under the will. They do have value since they are collectible in full and their fair cash value is a sum equal to their face plus accrued interest."

The Estate disputes the applicability of *Gearhart's* to the present case, arguing that Kentucky's inheritance tax statute apprais-es the value of a decedent's estate at a different time than the Indiana Death Statute.

In *Gearhart's*, the court cited, at 113, the relevant portions of the Kentucky inheritance tax law as follows:

" 'All real and personal property within the jurisdiction of this state and any interest therein belonging to inhabitants of this state * * * which shall pass by will * * * is subject to a tax upon the fair cash value as of the date of death of the grantor or donor of the property * * *. This tax shall be imposed when any such person or corporation becomes beneficially entitled in possession or expectancy to any property or the income thereof by any such transfer.' "

Ind.Code 6–4.1–2–1 provides, in pertinent part: "[a]n inheritance tax is imposed at the time of a decedent's death on certain property interest transfers made by him." We agree with the Tax Department that both statutes value estate assets for inheritance tax purposes as of the decedent's date of death.

Next, the Estate argues that *Estate of Elizabeth v. Harper, Deceased v. Commissioner of Internal Revenue*, (1948) 11 Tax Court 717, is controlling, the United States Tax Court having faced the issue of valuation of obligations of a legatee-maker who claims insolvency at the time of the testator's death.

In *Harper*, the testator's estate contained certain notes secured by securities and executed by heirs to his estate. The value of the securities and the net worth of the makers were less than the face amount of the notes at the time of the testator's death. However, the net worth of the makers exceeded the face value of the notes when the value of their inheritance from the residuary estate was included. For purposes of assessing the Federal Estate Tax, the U.S. Tax Court held that the value of the notes includable in the testator's gross estate is the value of the assets held as security for the notes plus the net worth of the makers. In other words, the distributive shares of the heirs indebted to the estate could not be

included in valuing the decedent's interest at the time of decedent's death.

As the Tax Department correctly points out in its brief, however, *Harper* is a federal estate tax case, not a state inheritance tax case, and, as such, it is not dispositive of the issue in the case at bar.

■ The Indiana inheritance tax or Indiana Death Tax statute is not a tax on property, but a tax on the right of the heirs to succeed to that property. 3A Henry's Probate Law and Practice § 2 at 366 (1980). The inheritance tax is levied upon the distributee's share, not upon the decedent's estate as with the Federal Estate Tax. Indiana's inheritance tax is not imposed upon the transfer of the estate occasioned by death but upon the transfer of property to the legatee or beneficiary. Henry's, *supra*, § 2 at 367. Federal estate taxes are debts of the estate whereas Indiana inheritance taxes impose a personal liability upon the transferee for payment of the tax. Ind. Code 6–4.1–8–1.

Because of these fundamental differences in the nature of the Indiana inheritance tax and the Federal estate tax, we agree with the Tax Department that *Harper* is not controlling in the instant case. Furthermore, we are in complete agreement with the reasoning of the court in *Gearhart's, supra*, at 114, that the notes were "valuable to the beneficiary for the reason that he liquidates a liability and therefore receives something of value. Likewise, the notes have value to the other beneficiary as the residue estate is increased by the amount of such notes and the interest due thereon."

■ We recognize that a personal representative owes a duty to all interested parties, including the Tax Department, to administer the estate impartially. Such personal representative is regarded as an officer of the court and he must look to the court or the law for his authority in dealing with estate assets. *State ex rel. Department of Financial Institutions v. Kaufman,* (1941) 218 Ind. 74, 30 N.E.2d 978.

■ Under the Indiana Probate Code, specifically Ind.Code 29–1–13–1, the person-al representative of an estate is charged with the duty of paying all taxes until the estate is settled. Furthermore, the personal representative is charged with the responsibility of preserving the estate; and, he shall not interfere with the estate entrusted to him. Ind.Code 29–1–13–2. The personal representative has a duty to care for and conserve the assets of a decedent's estate so that such assets are not wasted or mismanaged. *Alerding v. Allison,* (1908) 170 Ind. 252, 83 N.E. 1006; *Beardsley, Executor v. Marsteller,* (1889) 120 Ind. 319, 22 N.E. 315.

Ind.Code 29–1–16–1 provides in relevant part that a personal representative shall be liable for any loss to the estate arising from his neglect or wrongful acts or omissions or for any other negligent or willful act or nonfeasance in his administration of the estate by which loss to the estate arises. Likewise, Indiana courts have held that a personal representative who fails to use due diligence in collecting a claim due the estate becomes personally liable for any loss caused thereby. *Condit, Executor v. Winslow,* (1886) 106 Ind. 142, 5 N.E. 751.

In the instant case, Martha was vested at testator's death with property exceeding the face amount of the notes, and therefore was able to extinguish her indebtedness. Also, the personal representative had control over Martha's bequest, which funds exceeded more than six times the face amount of the notes, and he should have assessed an inheritance tax on the full value of the notes rather than listing them as worthless in the Schedule of All Property he prepared for the Tax Department.

■ The Indiana death taxes require a personal representative to make and file a complete inventory of the decedent's property. *In Re Oertling's Estate,* (1948) 118 Ind.App. 238, 76 N.E.2d 851. An executor or administrator has no right to act in a prejudicial manner to others having an interest in the estate, either as creditors or distributees. *Rigby v. Leister,* (1970) 147 Ind.App. 438, 261 N.E.2d 891. While a personal representative must pay inheritance

taxes before he may be discharged, he must, in the absence of an agreement or direction in the will, deduct the tax payable by each beneficiary from his distributive share, or, where tangible property is received, collect the tax from the beneficiary. *Cornet v. Guedelhoefer*, (1941) 219 Ind. 200, 36 N.E.2d 933, modified 219 Ind. 200, 37 N.E.2d 681.

As a general rule, an executor or administrator has the right to and should retain from a legacy or distributive share the amount of an indebtedness which may be due by the legatee or distributee, and this rule applies as against anyone claiming through such legatee or distributee. Ind. Code 29–1–17–6; *New v. New*, (1891) 127 Ind. 576, 27 N.E. 154; *Weaver v. Gray*, (1906) 37 Ind.App. 35, 76 N.E. 795.

Ind.Code 6–4.1–8–1 provides that the personal representative is personally liable for the payment of the Indiana inheritance tax. Ind.Code 6–4.1–8–2 provides that the legal representative of an estate shall collect or deduct the tax before making a distribution. He may not be compelled to deliver any specific legacy or bequest until the tax thereon has been paid.

In the case at bar, the personal representative had the means to collect the inheritance tax due on the full value of the promissory notes executed by Martha to the decedent. In fact, the personal representative could have paid the tax due on the notes, distributed Martha her share of the estate, and then sued her on behalf of the estate any time within the statute of limitations to collect the $112,000. Martha had sufficient assets from her bequest to pay off her indebtedness to the estate. Her indebtedness to the Estate constitutes a part of the testator's assets, out of which her and other distributive shares are to be paid. Furthermore, it would be inequitable for Martha to receive her bequest while she retains such part of the assets.

In conclusion, we hold that the value of the notes at decedent's death depends upon their collectibility. Since the personal representative had in his possession and control

Martha's distributive share, far in excess of the face amount of the notes, with full legal power to set her distributive share off against the notes, the notes were collectible in full. Therefore, they should be valued at their face amount and taxed accordingly.

For the foregoing reasons, we reverse the judgment of the trial court.

Judgment reversed.

RATLIFF, P. J., and ROBERTSON, J., concur.