KEPLER and Others *v.* KEPLER and Others.

In proceedings for partition, the R. S. of 1843, (p. 814,) give the defendants the right to bring to the notice of the Court, before the awarding of partition, any advancement made by the ancestor to any of the heirs; and such advancements, when their amount has been ascertained, must be taken into consideration by the Court in specifying the shares to be assigned in the petition.

APPEAL from the *Wayne* Probate Court.

*Monday,
December 2.*

BLACKFORD, J.—This was a petition filed by *Margaret Kepler, John Kepler,* and *Andrew Kepler,* against *Peter Kepler,* Junior, *Adam Rader* and *Margaret,* his wife, and *Philander Boyd* and *Catharine,* his wife.

The petition alleges that one *Peter Kepler,* Senior, died seized of two tracts of land in *Wayne* county, which are particularly described in the petition; that the petitioner, *Margaret Kepler,* is the widow of said decedent, and entitled to dower in said lands; that the other petitioners, and the defendant, *Peter Kepler,* Junior, and the female defendants, are the heirs-at-law of said decedent, and hold the said lands by descent from him. The petition also alleges that the said widow had demanded of said heirs and said husbands an assignment of her said dower, which assignment they had refused to make. The petition prays for the appointment of commissioners to assign to the widow her dower, and make partition of the lands among the heirs.

There are, among others, the following pleas:

First.—The defendants say that as to 1,100 dollars claimed by said *John* in the partition, and as to 500 dollars claimed by said *Andrew* in the partition, there were given to said *John* by way of advancement, by said *Peter Kepler,* Senior, deceased, in his lifetime, in lands 1,000 dollars, and in personal estate and money 100 dollars; and that said *Andrew T. Kepler* was advanced by said decedent, by gift, by way of advancement, in lands, personal estate, and money, 500 dollars; which sum of 1,100 dollars the defendants pray may be deducted out of the part of said real estate claimed by said *John;* and

which sum of 500 dollars they pray may be deducted from the portion of said real estate claimed by said *Andrew*. Verification.

Secondly.—The defendants say that said decedent, in his lifetime, gave to the said *John* 1,000 dollars in lands and 100 dollars in money; to said *Andrew* 500 dollars in money; to said *Peter* 1,000 in lands and 100 dollars in money; to said *Rader* and wife 500 dollars in lands and 100 dollars in money; and to said *Boyd* and wife 1,000 dollars in money and personal estate. Wherefore they pray judgment.

There were general demurrers to these pleas, and the demurrers were sustained.

There was a further plea, denying that the petitioners, *John* and *Andrew*, and the defendants, were seized of the premises in manner and form as alleged in the petition. Conclusion to the country.

The cause was submitted to the Court, and judgment rendered that the widow have her dower in said real estate, and that partition of the residue be made among the heirs. Commissioners were accordingly appointed, &c.

We think the Court erred in deciding that the two pleas demurred to were bad. The statute under which this suit was commenced contains the following provision: "When any of the heirs of a person dying intestate shall have been advanced in the lifetime of such person by a portion or settlement in lands or otherwise, such portion or settlement, after it has been ascertained and adjudged by the Court according to the rules prescribed by law for the adjustment of advances, shall be taken into consideration in the assignment of the share of the heir advanced, so as to make the shares of all the heirs equal, as near as can be estimated, according to their respective rights." R. S., 1843, p. 814.

This provision gives the defendants the right to bring to the notice of the Court, before the awarding of the partition, any advancements made by the ancestor to any of the heirs. Such advancements, when their amount has been ascertained by the Court in which the petition is

pending, must be taken into consideration by the Court in specifying the shares to be assigned in the petition.

The demurrers to the pleas in question, therefore, should have been overruled.

*Per Curiam.*—The judgment is reversed with · costs. Cause remanded, &c. Costs here.

*J. S. Newman*, for the appellants.

*C. H. Test* and *J. B. Julian*, for the appellees.