. No. 14,237.

## DUNCAN ET AL. *v.* HENRY.

PLEADING.—*Action for Partition.—Sufficiency of Answer.—Advancements.—
Purchaser from Heir.—Decedents' Estates.*—In a suit for partition an
answer is good which avers that the land in controversy belonged to A.;
that during his lifetime he made certain advancements to his heirs;
that after his death there was a settlement between his heirs, and the
said real estate was assigned to B., a daughter of A., as her share in
her father's estate ; that the plaintiffs in the partition suit are the grand-
children of A., being the children of C., a deceased daughter of A.; that
the plaintiffs and their mother had been advanced to their full share
in the estate of said A., and had no interest in said real estate ; that
the defendant purchased said real estate of B., A.'s said daughter, and
her husband, in good faith, and for its full value, without notice that the
plaintiffs had, or claimed to have, any interest in or title to the said
real estate.

SAME.—*Partial Reply.—Demurrer.*—A reply to the foregoing answer is bad
which alleges that the said land was devised to the plaintiffs by the will
of the ancestor, and therefore can not be treated as an advancement.
The reply, while purporting to be a reply to the whole answer, in no
way seeks to deny or avoid the advancement alleged in the answer to
have been made to the mother of the plaintiffs in her lifetime, nor does
it deny the allegation of the answer as to the division made after the
death of the ancestor, by which the property in controversy was given
to the grantor of the defendant as her share in her father's estate. At
most, the reply can only be said to be a partial reply, when it purports
to be a reply to the whole answer, and is, therefore, bad, and the demur-
rer was properly sustained to the same.

ADVANCEMENTS.—*Purchaser from Heir.— What he may Show as to Advance-
ments.*—A purchaser from an heir may set up advancements to the other
heirs. He stands in the same relation to the estate as did the heir; he
receives whatever interest the heir has in the estate. If the heir from

whom he purchases has been advanced, that fact may be shown to reduce the interest of the heir, and likewise reduce the interest received by the purchaser. When the purchaser alleges that she purchased of the heir all of the real estate described in the complaint, in good faith, and for a valuable consideration, she has the right to allege and prove such facts as establish the title of the heir from whom she purchased to all of the real estate.

From the Warren Circuit Court.

*C. V. McAdams,* for appellants.

*W. P. Rhodes,* for appellee.

OLDS, J.—This is an action by the appellants, Alva V., James A., Frank and Emma Duncan, against the appellee, Minerva Henry, for the partition of certain real estate described in the complaint.

The appellee answered that the real estate was owned by one Nicholas Starry, now deceased, and that the plaintiffs are children of Mary Duncan, deceased, who was the daughter of said Nicholas Starry, and are grandchildren of said Starry, who died in the State of Kansas about the year 1880, intestate as to the land described in the complaint; that he left surviving him, as his heirs, said plaintiffs, his grandchildren, Hannah Smith, wife of John Smith, a daughter, Nicholas Starry, Alexander Starry, and George Starry, his sons, and Elizabeth Meek and Maggie Watson, his daughters; that in his lifetime said Nicholas Starry, deceased, by way of advancements, gave to his said sons and daughters large amounts, to wit: to his daughter Mary Duncan, $3,000 ; to Maggie Watson, $2,000 ; and to each of his other children, $1,000 ; that his entire estate, including the amounts so advanced, amounted to about $30,000; that in 1878, after the death of Mary Duncan, he gave to her children, the plaintiffs, certain real estate in Warren county, Indiana (describing it), of the value of $3,000, in full of all their claim and interest in his real estate ; that at his decease, in 1880, the amount of property owned by him, together with what had been advanced, made to each of his

said children about the sum of $5,000 ; that said property was divided equally among said children, after taking into account the amounts so advanced, and charging them each with the same ; and that the amount so given to said Mary and that given to plaintiffs by said ancestor more than equalled the share they were entitled to of the estate of said decedent, and that after said settlement and distribution the appellee, in good faith, and for its full value, without knowledge or notice that plaintiffs had, or claimed to have, any interest in or title to the same, purchased said real estate described in the complaint of Hannah Smith and her husband John Smith, who had received the same on the share of said Hannah Smith in the estate of her father, Nicholas Starry, deceased.

The appellants demurred to this paragraph of answer for want of facts, which demurrer was overruled. They excepted, and assign the ruling as error.

The appellants then filed a reply to this paragraph of answer, alleging the death of Nicholas Starry, in the State of Kansas ; that he died testate as to a part of his estate, and setting out a copy of his will showing a devise to the appellants of the real estate described in said answer, and that the appellants hold said real estate by virtue of, and under, said will ; and that, as to the real estate described in the complaint, the said Nicholas Starry died intestate, and admitting that the heirs are properly named and stated in said answer.

The appellee demurred to this reply, and the court sustained the demurrer, and this ruling is also assigned as error. The overruling of appellants' demurrer to the answer, and the sustaining of a demurrer to the reply, are the only errors discussed on the part of counsel for appellants. We are not favored with a brief on behalf of the appellee.

We do not think there is any error in either of these rulings.

The answer alleges certain advancements made to the

heirs of Nicholas Starry, and that after his decease there was a settlement between the heirs, and the real estate described in the complaint was assigned to Mrs. Smith, a daughter, that the appellants and their mother had been advanced to their full share in the estate of their ancestor, and therefore had no interest in said real estate described in the complaint, and that the appellee purchased said land of Mrs. Smith and her husband; this constituted a good answer to the complaint.

It is contended by counsel for appellants that the purchaser of Mrs. Smith's interest could not set up advancements to the other heirs. In this counsel is in error. The purchaser stands in the same relation to the estate as did the heir; he receives whatever interest the heir has in the estate. If the heir from whom he purchases has been advanced, that fact may be shown to reduce the interest of the heir, and likewise reduce the interest received by the purchaser. And in the case under consideration the purchaser alleges that she purchased of the heir all of the real estate described in the complaint in good faith, and for a valuable consideration; and she has the right to allege and prove such facts as establish the title of the heir from whom she purchased to all of the real estate.

It is contended by counsel for appellants that the facts alleged in the reply show that the land, which is alleged in the answer to have been given by the ancestor to the appellants, and which is further alleged to be of the value of $3,000, and to be an advancement to the appellants, was devised to them by the will of the ancestor, and therefore can not be treated as an advancement. Grant that to be true, and yet the reply is not good. The reply purports to be a reply to the whole answer. The answer alleges an advancement of $3,000 to the mother of the appellants in her lifetime, and the reply in no way seeks to deny or avoid the advancements made to the mother, nor does it deny the division made after the death of the ancestor, by which the property in controversy was given to Mrs. Smith as her share. At most, the

reply can only be said to be a partial reply, when it purports to be a reply to the whole answer, and is, therefore, bad, and the demurrer was properly sustained to the same.

The answer does not set out the family settlement and division of the property as specifically as it should, but no objection is urged to it on that account, and hence we have not considered it with regard to the formal averments.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed May 26, 1890; petition for a rehearing overruled Sept. 20, 1890.