## BARNETT v. THOMAS ET AL.

[No. 5,417.   Filed November 2, 1905.]

1. APPEAL AND ERROR.—*Partition.—Final Judgment.*—A judgment determining the rights of the parties and ordering a sale of the lands sought to be partitioned is a final judgment from which an appeal will lie.   p. 443.

2. SAME.—*Special Findings.—When Obviate Error on Demurrer to Answers.*—Where the special findings cover the facts set out in answers, error in sustaining demurrers thereto is obviated.   p. 444.

3. PARTITION.—*Rents and Profits.—Consideration of.*—Where one cotenant has received the rents and profits from the common property, he may be compelled in a suit for partition to account for same.   p. 446.

4. SAME.—*Advancements.*—Where the cotenants are heirs of a common ancestor and some have received advancements and

some are indebted to the estate, such advancements and debts can be taken into account in a suit for partition, and distribution of the assets of the common estate should be made according to the amounts equitably due such cotenants.  p. 447.

5. DESCENT AND DISTRIBUTION.—*Advancements.*—*Payable Primarily from Personal Estate.*—*Statutes.*—By statute (§2563 Burns 1901, §2407 R. S. 1881) the primary source from which advancements should be equalized is the decedent's personal estate.  p. 448.

6. PARTITION.—*Purchaser of Heir's Share.*—*Rights.*—The purchaser of the interest of an heir at a judicial sale takes the same interest which legally and equitably belongs to such heir.  p. 449.

7. SAME. — *Personal Property.* — *Consideration of.* — Where defendant is a purchaser of an heir's interest in real estate, and the decedent left personal estate which was converted by the other heirs, plaintiff has the right to have an accounting thereof in a suit for partition of such real estate.  p. 449.

From Hendricks Circuit Court; *Thomas J. Cofer,* Judge.

Suit by Mary E. Thomas and others against Levi A. Barnett and another.  From a decree for plaintiffs, defendant Barnett appeals.  *Reversed.*

*Thad S. Adams* and *L. A. Barnett,* for appellant.
*Brill & Harvey,* for appellees.

WILEY, C. J.—Appellees—except Edward D. Thomas—were plaintiffs below, and appellant and said Thomas were defendants.  In their complaint plaintiffs averred that they and appellant were owners in fee simple, as tenants in common, of certain real estate, which is specifically described; that plaintiffs derived their title as heirs of Erasmus D. Thomas, who died seized of certain real estate; that said Edward was a son and heir of decedent, and that his interest in the real estate had been divested by a judicial sale, and appellant had acquired such interest by deed from the sheriff; that decedent had made certain advancements to his children, specifying the amount made to each, and that said advancements to Edward aggregated $556.  They further averred that the real estate was not susceptible of

division in kind without injury, and asked that it be sold, that an accounting be taken of the several advancements, and that the proceeds be divided according to the interests of all the parties. Appellee Edward D. Thomas filed an answer in which he admitted all of the averments of the complaint. Appellant answered in four paragraphs, to the second, third and fourth of which a demurrer for want of facts was sustained. The trial was had upon the issues joined by the general denial of appellant and the answer of the appellee Edward, and upon request of the parties the court made a special finding of facts and stated its conclusions of law thereon. By the special finding of facts and the conclusions of law the interests of the respective parties were found and determined. The court found that the real estate was not susceptible of division in kind, and that the same should be sold, and the proceeds divided according to the interests of the parties, as determined in the finding and judgment. A commissioner was appointed to make the sale. Appellant's motion for a new trial, for cause and as of right, was overruled. All the rulings above referred to, which were adverse to appellant, are assigned as errors.

Other questions are presented by the record, but from the conclusion we have reached upon the action of the court in sustaining the demurrer to the second, third and fourth paragraphs of answer, all subsequent rulings of which appellant complains need not be considered.

Appellees contend that the appeal is premature, for the reason that the order to sell the real estate is not a final judgment, and as there can be no appeal except from a final judgment it is insisted that this appeal should be dismissed. An appeal will lie from an ordinary partition proceeding after the commissioners have reported partitioning the real estate, and such report has been confirmed by the court. *Kern* v. *Maginniss* (1872), 41 Ind. 398. An order or decree in a proceeding for partition for

the sale of lands, after it has been ascertained that such lands can not be partitioned in kind without injury, is as much a final disposition of the cause as a confirmation of the report of commissioners making partition of the property. *Fleenor* v. *Driskill* (1884), 97 Ind. 27. In such case every question raised by the issues is finally determined and adjudicated when the report of partition is confirmed, or the property ordered sold where partition is impracticable. Where the property is ordered sold, and the question of distribution determined, no other question can arise, except that of properly carrying out the terms of the decree. 1 Freeman, Judgments (4th ed.), 36. Under the authorities, this appeal is not prematurely prosecuted, but is properly before us.

If the facts stated in the affirmative paragraphs of answer present questions which appellant had a right to have litigated and determined in the partition proceedings, and such questions were pertinent to and affected the rights of the respective parties, it necessarily follows that it was error to sustain the demurrer thereto. Such error might have been obviated had the court in its special findings found and embodied the facts alleged in the answers, but this it did not do. The special findings state, and the decree so ordered, that appellant was the owner, as tenant in common with appellees, of the undivided two forty-fifths of the real estate. From the time appellant acquired the interest in the real estate formerly owned by Edward, he became a tenant in common with all the other joint owners, and was entitled to share in the rents and profits thereof according to his interest therein.

In his second paragraph of answer appellant avers that for more than six years he had been the owner by purchase of the undivided two forty-fifths of said real estate, and that the rental value of all of said real estate, over and above the taxes and other expenses incident to keeping up

the repairs, was of the value of $600 per annum, and that he was entitled to two forty-fifths thereof; that appellees during all of said time had the exclusive possession of said real estate, and received and converted to their own use all of said rents and profits, and that during said time they had cut, sold and removed therefrom timber of the value of $500, and converted the proceeds thereof to their own use. The prayer of this paragraph is that an accounting be had as to said rents and timbers sold, and that the same be taken into account, and the distribution of the proceeds of the sale of said lands be made accordingly, etc.

In the third paragraph of answer it is alleged that at the time of the death of the decedent certain of the heirs (appellees herein) were indebted to the decedent for moneys loaned to them, specifying the persons and amounts each was indebted, respectively. It is further alleged that no administration on the estate of the decedent was had, and that said several amounts are due and owing said estate. The prayer of this paragraph is that the several amounts so owing by appellees should be taken into account, and that the proceeds of sale of the real estate be distributed accordingly.

In the fourth paragraph of answer it is alleged that the decedent left a personal estate of the value of $3,000 over all indebtedness; that no administration on his estate was had; that appellees took possession thereof and converted the same to their own use; that appellant acquired the interest of Edward D. Thomas in said real estate more than six years ago; and that he is entitled to have an accounting of the personal estate of decedent, and have the proceeds· thereof taken into consideration in making the distribution of the funds arising from the sale of the real estate. The prayer of this paragraph is that the appellees be required to account for all of such personal estate, and that it be taken into account in making the distribution, etc.

The demurrer admits the facts averred in the several paragraphs of answer to be true. It is therefore admitted that for six years prior to the filing of the petition 3. for partition appellees had exclusive control and possession of the real estate; that the annual rental value thereof was $600; and that they cut, sold and removed from the real estate timber of the value of $500. These items aggregate $4,100. Appellant owned an undivided two forty-fifths interest in the real estate, and he was entitled to two forty-fifths of the rental value thereof, and a like proportion of the $500, which would be an aggregate of $182.22.

It is the rule both in this country and in England that in a proceeding for partition a court of equity will, in a proper case, require one cotenant, who has been in the exclusive possession of the common property, or of more than his portion thereof, or has received rents and profits therefrom, to account for the shares to which his cotenants are entitled. 21 Am. and Eng. Ency. Law (2d ed.), 1171, and authorities there cited. The case of *Peden* v. *Cavins* (1893), 134 Ind. 494, 39 Am. St. 276, is in point, and squarely decides the question. See, also, Freeman, Cotenancy and Partition (2d ed.), §512, where it is said: "When equity has jurisdiction for partition, no obstacle exists to its proceeding to do complete justice, by compelling an accounting for all rents received; and nothing better than expense and delay can result for requiring one suit at law for mesne profits and another in equity for partition."

The law regards with much favor the early adjustment of legal and equitable controversies, and the rule prevails that all matters which might have been litigated and determined under the issues will be conclusively presumed to have been litigated. *Beaver* v. *Irwin* (1893), 6 Ind. App. 285. As appellant had a legal right to his share of the rents and profits of the real estate, which appellees, while in exclusive possession, appropriated to their own use, he

was entitled to have such right determined in the equitable proceedings for partition.

In the third paragraph it is sought by affirmative averments to show that certain of the heirs (appellees) of the decedent were indebted to him at the time of his 4. death, that said sums are still due the estate, and that they should be taken into account in the distribution of the proceeds of the sale of real estate, etc. It is the policy of the law, and in accord with strict principles of justice and equity, that in the distribution of estates heirs shall share equally in proportion to their respective interests. The same rule applies in the partition of real estate. Where the real estate is partitioned in kind, or sold under order of the court, and the proceeds distributed to the parties in interest, it would be unfair and inequitable for one heir or one cotenant to receive a greater portion than his share. This would be unfair and unjust to their cotenants. A debt due a decedent becomes a part of the assets of his estate, and if such debt is due and owing from an heir who is entitled to share in his real estate or the distribution of his personal estate, equity demands that an account be taken of it, to the end that an equal distribution may be made. It has been held that a debt due an estate from an heir may be retained out of his distributive share of the surplus proceeds of real estate which has been sold to pay debts. *Fiscus* v. *Moore* (1890), 121 Ind. 547, 7 L. R. A. 235. The right of the executor or administrator in such case to retain any such sum depends upon the principle that the legatee or distributee is not entitled to his legacy or distributive share while he retains in his own hands a part of the funds out of which that and other legacies or distributive shares ought to be paid. *Fiscus* v. *Moore, supra.* We can not perceive any good reason why this rule should not apply where real estate has been ordered sold in a partition proceeding, the respective interests of the parties determined, and an order made for distribution. If

one heir should be indebted to the deceased owner of the real estate, while another was not so indebted, and these facts should not be taken into account in the division, then the heir who is indebted would receive a larger share of the estate, and this would result in an unequal distribution of the estate, which neither law nor equity will tolerate.

The fourth paragraph avers that Erasmus D. Thomas died and left a personal estate of the value of $3,000 over and above all indebtedness, etc.; that there was no administration on his estate; that appellees took possession of the same and converted it to their own use; that by purchase appellant has been the owner of all the interest of Edward D. Thomas for more than six years, by reason of which he is entitled to have an accounting of the decedent's personal estate, and have the proceeds thereof taken into consideration in making the distribution of the proceeds of the real estate. Appellees in their complaint for partition aver advances to certain of the appellees, and proceed upon the theory that they have a right to have such advancements taken into consideration, to the end that there may be an equal distribution of the proceeds of the sale of real estate. The rule is that, in proceedings between heirs of a decedent for partition of his real estate, the court may and should take into account the advancements made by the decedent to some of the heirs, by requiring that such advancements be brought into hotchpot and adjusted so that all the shares will be equal. 21 Am. and Eng. Ency. Law (2d ed.), 1173. It has often been held that advancements should be taken into consideration in decreeing partition. *Kepler* v. *Kepler* (1850), 2 Ind. 363; *New* v. *New* (1891), 127 Ind. 576; *Scott* v. *Harris* (1891), 127 Ind. 520; *Purner* v. *Koontz* (1894), 138 Ind. 252.

5. The primary source from which advancements should be equalized is the personal estate, and is so declared by statute. §2563 Burns 1901, §2407 R. S. 1881.

The purchaser of real estate from an heir stands in the same relation to the estate as did the heir, and receives whatever interest the heir has in the estate. If the heir from whom he has purchased has been advanced, that fact may be shown to reduce the interest of the heir, and likewise reduce the interest received by the purchaser. *Duncan* v. *Henry* (1890), 125 Ind. 10.

The several advancements alleged to have been made by the decedent to certain of his children aggregate $2,552, being $448 less than the value of the personal estate of the decedent, as charged in the fourth paragraph, over and above all indebtedness. Under the admitted facts of this paragraph, appellant was entitled to have the court require appellees to account for the personal estate which they took possession of and appropriated to their own use. Such personal estate of itself was sufficient to equalize the advancements, and this would have left the real estate unburdened. Equality is equity among heirs, and the doctrine of advancement has for its object the furtherance of this thing. *Miller's Appeal* (1858), 31 Pa. St. 337.

Both by the letter and spirit of the statute cited, advancements to heirs should be equalized, if possible, out of the personal estate of the common ancestor, and appellant had a right to invoke this rule of law. As appellant stands in the place and acquired the rights of Edward D. Thomas in the real estate, he has a right to have his interest therein, or the proceeds thereof, come to him unburdened by the advancements to his grantor, if he can establish the facts he has pleaded.

Our conclusion is that none of the three paragraphs of answer were vulnerable to the attack of the demurrer. The judgment is reversed, and the trial court is directed to overrule the demurrer to the second, third and fourth paragraphs of answer, and for further proceedings not inconsistent with this opinion.