## Heath, et al. v. Heath, et al.

(Decided November 29, 1927.)

### Appeal from Marshall Circuit Court.

Partition.—In partition of 80 acres of land descending from a common ancestor, defense that common ancestor in his lifetime conveyed to plaintiff's ancestor 135 acres of land which under Ky. Stats., section 1407, was an advancement, and that other children of common ancestor had never been equalized in distribution of common ancestor's estate, being available to such other children, was available to their grantees.

E. L. COOPER and W. L. PRINCE for appellants.

HENRY F. TURNER for appellees.

Opinion of the Court by Chief Justice Clay—Reversing.

In the year 1891, Enos Boswell conveyed to his son, Thomas J. Boswell, two tracts of land aggregating about 135 acres. In the year 1901 Enos Boswell died intestate, a resident of Marshall county, and left surviving him three daughters, Mary Earls, Ora Barnett, and Rose Boswell, and one son, Thomas J. Boswell. At the time of his death, he was the owner of a tract of land consisting of about 80 acres. In the year 1905, the three surviving daughters, together with their husbands, conveyed the 80-acre tract of land to Charles E. Smith. This land was later conveyed by Smith to J. J. King and by King to Mrs. W. S. Heath for life with remainder to her son, J. F. Heath, and her daughter, Mrs. Edwards Goheen.

This action was brought by Ora Heath and others, the children and grandchildren of Thomas J. Boswell, against J. F. Heath and others for a partition of the 80-acre tract of land, and for an accounting of rents. In addition to other defenses, the defendants resisted the claim of plaintiffs on the ground that the 135 acres conveyed to Thomas J. Boswell in his lifetime was an advancement, and that the other three children of Enos Boswell had never been equalized by Thomas J. Boswell and his heirs in the distribution of the Enos Boswell estate. To that paragraph of the answer presenting this defense a demurrer was sustained, and on final hearing the land was ordered partitioned, and plaintiffs were given judgment for rents in the sum of $318.25, with interest from January 1, 1927, until paid.

Under our statute any real or personal property or money given or devised by a parent or grandparent to a descendant shall be charged to the descendant or those claiming through him in the division and distribution of the undevised estate of the parent or grandparent, and such party shall receive nothing further therefrom until the other descendants are made proportionately equal to him, according to his descendable and distributable share of the whole estate, real and personal, devised and undevised. Kentucky Statutes, section 1407. The facts pleaded are sufficient to show an advancement, and, as the children and grandchildren of Thomas J. Boswell claim through him, there can be no doubt that, if this

action of partition were against the other heirs of Enos Boswell, they could resist the partition on the ground that they had not been made equal with Thomas J. Boswell in the distribution of the undevised estate. The only question for decision, therefore, is whether or not the defense is available by the grantees of such other heirs. The precise question was before the Supreme Court of Indiana, in the case of Duncan et al. v. Henry, 125 Ind. 10, 24 N. E. 506, and was answered in the affirmative. In its discussion of the question, the court said:

"It is contended by counsel for appellants that the purchaser of Mrs. Smith's interest could not set up advancements to the other heirs. In this counsel is in error. The purchaser stands in the same relation to the estate as did the heir; he receives whatever interest the heir has in the estate. If the heir from whom he purchases has been advanced, that fact may be shown to reduce the interest of the heir, and likewise reduce the interest received by the purchaser. And in the case under consideration the purchaser alleges that she purchased of the heir all of the real estate described in the complaint in good faith, and for a valuable consideration; and she has the right to allege and prove such facts as establish the title of the heir from whom she purchased to all of the real estate."

It seems to us that this rule is sound, for, if certain heirs have received more than their share of their ancestor's estate, there is no reason why they should be entitled to any more of the undevised estate, either as against other heirs who had not been made equal, or against one who had paid a valuable consideration for the interest of such other heirs. But it is suggested by counsel for appellees that the rule is confined to cases where the heir or heirs have sold their interest in their ancestor's estate. There is no reason why the rule should be so confined. If they sell their entire interest in the property, or the property itself, the purchaser acquires whatever interest they have, and the doctrine of advancements may be applied for the purpose of determining the extent of that interest. A different rule might apply if the deed were so framed as to make it clear that the heirs intended to convey only a specified interest

and no more. It follows that the demurrer to that paragraph of the answer presenting the defense of advancements should have been overruled.

Judgment reversed, and cause remanded for proceedings in conformity with this opinion.