MARY E. NUGENT, in equity, *vs*. FRANCES B. SMITH.

Sagadahoc.   Announced at July Law Term, 1892, Western District.   Opinion May 20, 1893.

*Equity.  Specific Performance.  Stat. of Frauds.  R. S., c. 77, § 6, cl. 3.*

This court has power to compel specific performance of written contracts.

A memorandum in writing of the following form is sufficient within the statute of frauds : "Bath, April 10, 1890. Mary E. Nugent bought of Frances B. Smith, house and land on Winter street, number 21, owned and occupied by said Frances B. Smith, for one thousand dollars. Paid one hundred dollars on account. Frances B. Smith."

ON REPORT.

This was an appeal in equity, heard on bill, answer and a report of the evidence before the jury on issues of fact submitted to them.

The case is stated in the opinion.

*W. E. Hogan*, for plaintiff.

*J. M. Trott*, for defendant.

WALTON, J.   This is a suit in equity. The plaintiff bargained with the defendant for a house and lot in Bath, and took from her a memorandum in writing of the following tenor :

"Bath, April 10, 1890.

"Mary E. Nugent bought of Frances B. Smith, house and land on Winter street, number 21, owned and occupied by said Frances B. Smith, for one thousand dollars. Paid one hundred dollars on account.          Frances B. Smith."

The defendant afterwards refused to give the plaintiff a deed of the premises, and the prayer of the bill is that she may be compelled to do so.

Issues of fact were submitted to a jury, and the jury found specially that the defendant signed the memorandum referred to, that it had not been altered, and that it was obtained without fraud; and, generally, that the defendant did enter into an agreement for the sale of the property described in the plaintiff's bill in manner and form as therein charged.

We have examined the case with care and can discover no valid reason for withholding the decree prayed for. We think the memorandum signed by the defendant is sufficient in form and in substance to obviate any objections arising under the statute of frauds. This is conceded by the learned counsel for the defendant. And the jury have found that it was obtained without fraud. The evidence fails to disclose any reason for the defendant's refusal to complete the contract except that she found it inconvenient to find another tenement in which to live. This can not be regarded as a sufficient excuse.

Among the equity powers expressly conferred upon the court is the power to compel the specific performance of written contracts. R. S., c. 77, § 6, clause 3. True, this is a discretionary power; and, generally, it will not be exercised when the party seeking to have it exercised has a full and adequate remedy by an action at law. But an action at law has never been regarded as an adequate remedy for the breach of an agreement to convey real estate; and when such an agreement is founded on an adequate consideration, and is obtained without fraud or oppression, the duty of the court to compel its specific performance is universally acknowledged. *Foss* v. *Haynes*, 31 Maine, 81. 1 Story's Equity, § 751.

We think the plaintiff is entitled to the decree prayed for.

*Bill sustained. Decree as prayed for, with costs.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.