## Hawn *v.* Stoler, Appellant.

*Wills—Donatio mortis causa—Gift—Chose in action—Delivery—Assignment.*

The law does not look with favor upon gifts causa mortis, and nothing can be sustained as such unless it is purely and strictly so. If the subject of the gift is a chose in action, there must be an assignment or some instrument equivalent thereto to perfect the delivery.

Where testatrix has placed a fund of money in the custody of another person merely for safe-keeping, and such person has deposited the fund in bank in his own name, testatrix cannot subsequently make a valid donatio mortis causa by word of mouth without an assignment or some instrument equivalent thereto.

Argued March 7, 1904. Appeal, No. 118, Jan. T., 1903, by defendant, from judgment of Superior Court, Oct. T., 1902, No. 151, reversing judgment of C. P. Franklin Co., Feb. T., 1901, No. 83, for defendant non obstante veredicto in case of Mary Hawn v. Samuel M. Stoler, Executor of A. B. Stoler, Deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Appeal from Superior Court. See 22 Pa. Superior Ct. 307. The facts appear by the opinion of the Supreme Court.

*Error assigned* was the judgment of the Superior Court.

*J. R. Ruthrauff*, with him *J. S. Omwake* and *W. U. Brewer*, for appellant.—The money remained in the hands of the donor's agent and within the control and dominion of the donor until her death. This is fatal to plaintiff's claim. The title must pass out of the donor absolutely and irrevocably at the time of making the gift, and must vest presently in the donee in the lifetime of the donor. It must be such title as the donee could assert against the world including the donor. The latter herself could not recall the gift unless she recovered : Campbell's Estate, 7 Pa. 100 ; Walsh's App., 122 Pa. 177 ; 3 Pomeroy's Equity sec. 1146 ; Thornton on Gifts, page 110.

In all gifts causa mortis, delivery must be made for the express purpose of consummating the gift, and a previous and continuing possession of the donee is not sufficient : Drew v. Hagerty, 81 Maine, 231, reported in 3 L. R. A. 230 (17 Atl. Repr. 63) ; Hatch v. Atkinson, 56 Maine, 324 ; Lane v. Lane, 76 Maine, 521 ; Parcher v. Sav. Inst., 78 Maine, 470 (7 Atl. Repr. 266) ; Dunbar v. Dunbar, 80 Maine 152 (13 Atl. Repr. 578) ; Miller v. Jeffress, 4 Gratt. 472 ; French v. Raymond, 39 Vt. 623 ; Cutting v. Gilman, 41 N. H. 147 ; Delmotte v. Taylor, 1 Redf. 417 ; Egerton v. Egerton, 17 N. J. Eq. 419 ; Kenny v. Public Admr., 2 Bradford, 319 ; Dickes-

chied v. Exchange Bank, 28 W. Va. 340; Walsh's Appeal, 122
Pa. 177.

*Walter K. Sharpe*, of *Sharpe & Elder*, for appellee.

OPINION BY MR. JUSTICE POTTER, April 11, 1904:

This was an action of assumpsit by Mary Hawn against A.
B. Stoler, to recover the sum of $300 as a donatio causa mortis
alleged to have been made to plaintiff by Catherine J. Little,
and which subsequently came into the hands of defendant.

Upon the trial the learned judge of the court of common
pleas directed the jury to find a verdict for the plaintiff, sub-
ject to the question of law reserved, whether there was any
evidence in case upon which the plaintiff is entitled to recover.
Judgment was afterwards entered for the defendant non ob-
stante veredicto.   Upon appeal to the Superior Court, this judg-
ment was reversed.

The material facts upon which the controversy arose are not
in dispute.   Mrs. Little lived in Waynesboro, Pa.   On June 21
she was very sick at her home.   She sent for her neighbor,
Mrs. Slentz, and committed to her keeping a sum of money,
amounting to $595.   This money was taken by Mrs. Slentz to
her home and given to her husband, and he took it to a bank,
and deposited it, taking therefor a certificate in his own name.
The certificate was not returned either to Mrs. Slentz or to
Mrs. Little.   The next morning the two women took the
train for Baltimore, where Mrs. Little entered a hospital,
and upon the evening of the next day, which was June 23,
she died.   Mrs. Slentz says that in the afternoon, she saw
that Mrs. Little was dying, and that she said to her, "I may
go home this evening and I don't know what to do with that
money ; we don't know what might happen."   Mrs. Little said,
"Yes, you know it goes very hard for me to talk."   I said, "yes,
I know it does, but I have this money in my possession and I
would not know what to do with it if you did not tell me."
Mrs. Little then said, "You give $300 to my sister, Mrs. Hawn,"
etc.

This conversation upon which the plaintiff relies to establish
the gift, took place in the hospital in Baltimore.   Mrs. Hawn,
the donee, was not present, and the fund from which the gift

was to be made was not then in the possession of Mrs. Little or of Mrs. Slentz, but was on deposit in the bank at Waynesboro, in the name of Mr. Slentz, and they did not even have the certificate, which was the evidence of the deposit, with them ; nor does it appear to have been indorsed or assigned by Mr. Slentz.

When the money was given to Mrs. Slentz it was for safe-keeping only, and there is nothing to indicate that Mrs. Little had then in mind any thought of making a gift of it to any one. It passed completely out of her possession, and out of the possession of the party to whom she gave it and found its way into the bank, where it was deposited in the name of a third party. The money was thus transformed from a chattel in the possession of Mrs. Little, presumably with her consent, into a chose in action. She did not have in her possession any evidence of the ownership of the deposit. If she had held a certificate of deposit, or any equivalent evidence of the ownership of the fund, she would have had something to deliver or transfer, but as it was, she had nothing of the kind.

So long as she had the gold or paper money in her possession, she had a visible, tangible thing ; but when she passed it over to another and that other, presumably with the consent of the donor, handed it to still another person, who in turn deposited it in bank, the right which remained in Mrs. Little could not in any sense of the word be held to be anything more than a right of action to recover the amount of the money from the party who held it. Therefore, when she was in the hospital in Baltimore, she had nothing to give except a chose in action, and to transfer this, the law requires an assignment or some equivalent instrument, and the transfer must be actually executed : 2 Kent's Com. 439.

Undoubtedly a valid gift might have been made of a chose in action had it been properly assigned or transferred. Had it been evidenced by a note, bond, certificate or any other instrument capable of indorsement or actual delivery, and had that instrument been present, and duly assigned by Mrs. Little when she attempted to make the gift, there would have been ground upon which to contend that there was an actual delivery.

In Fross's Appeal, 105 Pa. 258, it was said : "The delivery must be according to the nature of the subject, and the donor must in some form relinquish not only the possession but all dominion over it."

The doctrine that an assignment or some instrument equivalent thereto is necessary to perfect the delivery of a chose in action is distinctly affirmed by SHARSWOOD, J., in Bond v. Bunting, 78 Pa. 210.

The law does not look with favor upon gifts causa mortis, and under all the authorities nothing can be sustained as such unless it is purely and strictly so. Delivery is in all cases indispensable, but whether to the donee immediately or to another for him is immaterial : Michener v. Dale, 23 Pa. 59 ; Wells v. Tucker, 3 Binn. 366.

Without an act of delivery, an oral disposition of property in contemplation of death could be sustained only as a nuncupative will, and in the manner and with the limitations provided for such wills : Drew v. Hagerty, 81 Me. 231.*

When the words of gift were uttered by Mrs. Little in the hospital, as is well said by counsel for appellee, the subject-matter was incapable of being delivered at that time by her to any one, because neither the money nor the certificate of deposit was present. But it is urged in the argument that the delivery of the money to Mrs. Slentz, two days before was sufficient, even though at that time no intention to make a gift was entertained by Mrs. Little. We cannot assent to this proposition. Nothing short of clear and explicit evidence of delivery in furtherance of an intention to make the gift will answer the purpose. When the money was delivered to Mrs. Slentz it was certainly not for the use of any intended donee. Had she retained the money specifically in her possession, and under her control, so that actual delivery of it as a chattel could have been made when the intention to make a gift was manifested, the case would have been very different. But Mrs. Little and her agent had by their actions put it out of her power to make any actual delivery of the money as a chattel in possession, at that time. By the deposit of the money in the bank, there was substituted for it, on the part of Mrs. Little, a mere right of action, and it is clearly apparent that the requirements necessary for the valid transfer of a chose in action were not complied with by her.

We are not disposed to favor any relaxation of the law in

---

* Also reported 17 Alt. Repr. 63.—REPORTER.

aid of a gift causa mortis.   Reason and the weight of authority are opposed to it.   TILGHMAN, C. J., said in Wells v. Tucker, supra : " These donations do in effect amount to a revocation pro tanto of written wills, and not being subject to the forms prescribed for nuncupative wills, they are certainly of a dangerous nature."

We are clear that there was not in the present case a delivery of the subject-matter intended to be conveyed, and without it there could be no valid gift.   The assignment of error is sustained.

The judgment of the Superior Court is reversed and the judgment of the court of common pleas is reinstated and affirmed.