## Lucy Sutton et al. v. A. L. Lemen, Administrator.

1. SPECIALTY—*how cannot be varied.* The terms of an instrument under seal cannot be altered, changed or modified by parol agreement.

2. GIFT—*what essential to establish.* To create a gift it must go into effect at once; there must be a delivery to the donee and there must be such a change of possession as to put it out of the power of the giver to revest himself of the thing given.

Contested account of administrator. Appeal from the Circuit Court of DeWitt county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1906. Affirmed in part and reversed in part. Opinion filed November 27, 1906.

BUCKINGHAM & GRAY, for appellants.

LEMON & LEMON, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

An appeal was heard in the Circuit Court of De-Witt county from the decision of the County Court of the same county in which was involved the right of the administrator of the estate of Charles P. Torbert, deceased, to charge to the children of said deceased an annual rental reserved by said Charles P. Torbert to himself in deeds executed by him in May, 1885.

The Circuit Court by its order held the grantees in said deeds liable to the administrator for the rental specified in the deeds and the grantees have appealed to this court.

On the second day of May, 1885, Charles P. Torbert, being then a widower and about to re-marry, made a deed for certain land to each of seven children and also one to the children of his insane son, William Torbert. In each of the deeds made to the seven children, the grantor made a reservation substantially in the following words: "Grantee is to pay to the said

Charles P. Torbert $75 per year as rent, during the natural life of said Charles P. Torbert. And if the said sum of money is not paid, as stated, then the lands are to be forfeited to the grantor, at his option.''

In the remaining deed which was made to the minor children and heirs of William Torbert (who was then and still is insane) the condition reads as follows: ''The grantees above are to pay to said Charles P. Torbert $75 a year as rent for said land during the natural life of the said Charles P. Torbert and the grantees are to forfeit the title to said land should the above sum not be paid; the said forfeiture shall be optional with said grantor. It is understood in making this deed that should William Torbert get well enough at any time to take possession of the above described land, he is to have the use of it during his natural life for his maintenance.''

The question made is whether or not the administrator of the estate of Charles P. Torbert, deceased, has the right to charge the grantees with the rent reserved in said deeds and make them account therefor.

Appellants contend that said Charles P. Torbert, in his lifetime, released the grantees in said deeds, or waived or relinquished his claims under said deeds, and therefore the administrator cannot now insist upon payment. Upon this issue evidence was heard by the court which consisted entirely of statements made by said Charles P. Torbert in various conversations upon that subject.

Samuel Myers had two conversations with Charles P. Torbert, one about fifteen years before the cause was tried in the Circuit Court in which deceased said he never asked the children for the money; he just had it there if he should need it. In another conversation three or four years later, deceased said he did not want the $75; that he would give it to them; that he had no use for it; that they might keep it.

William Hastings said that about ten years before

the trial deceased had told him that he had released the children from paying him; that he did not need it and had plenty for himself.

Mrs. William Hastings testified that about fourteen years before the trial deceased said in her presence that he was going to quit taking the rent and that he had released the children because he had enough without it.

John Fuller, an attorney, testified that in 1894 Charles P. Torbert and certain of his children came to see him about the matter of rents reserved in the deeds, and deceased then said that there was some rent he had not collected up to that time that he wanted to give to the children and wanted to release them from paying any other rent; but that there were no papers executed by anybody and that nothing was done in reference to it; that deceased only said what he wanted to do and intended to do. This was, in substance, all the evidence on that subject.

The testimony given was both insufficient and incompetent to warrant the release of the grantees in the deeds from the payment of the rent reserved. A sealed executory contract cannot be altered, changed or modified in its terms by a parol agreement. Alschuler v. Schiff, 164 Ill. 298. The most that can be claimed for the evidence is, that as to the rent past due deceased did not ask his children for payment or accept anything from them because he had no need of the money for his own use; while, as to the payments not yet due, when he talked with Mr. Fuller in 1894, he wanted to do or intended to do something which in fact he never did.

Nor do the acts and statements of deceased amount to a gift. When the statement to Mr. Fuller was made, the amounts now sought to be charged to the grantees in the deeds were in no way canceled or released. The statement was made to third parties and not to donees. The statement was not concerning a

*present* act but had relation to what deceased wanted or intended to do at sometime in the future. To create a gift, it must go into effect at once; there must be a delivery to the donee and there must be such a change of possession as to put it out of the power of the giver to repossess himself of the thing given. Telford v. Patton, 144 Ill. 611. All of these elements are wanting in the present case.

As to all of the appellants except William Torbert, insane, who appeared by W. H. Harp, his conservator, the order of the trial court was right and is affirmed; but as to the rights of William Torbert there was error in the order made. There was no covenant at all upon the part of William Torbert. The deed did not run to him but to his children. The covenant in the deed to pay rental to Charles P. Torbert was the covenant of the grantees in the deed and not the covenant of William, who took nothing under the deed except the right of possession in case he recovered his health.

The judgment is reversed as to William Torbert and affirmed as to all other appellants.

*Affirmed in part, reversed in part.*