## Lester Berry, Administrator of the Estate of John Berry, Deceased, Appellee, v. Elmer Berry, Appellant.

## Gen. No. 7,834.

1. GIFTS—*delivery is essential.* A delivery of the subject matter of a gift is of the essence of the title, and if the things be not capable of actual delivery, there must be some equivalent to it.

2. GIFTS—*writing essential to gift of indebtedness not evidenced by writing.* There could be no valid gift *inter vivos* by creditor to debtor subsisting in the latter's oral promise to repay a loan, in the absence of an assignment or some equivalent instrument.

3. LIMITATIONS OF ACTIONS—*revival of indebtedness by payment of interest.* Indebtedness barred by limitations was revived and the statute tolled by payment of interest to the creditor's administrator.

4. PAYMENT—*certificate of deposit without delivery not payment.* The taking of a certificate of deposit from a bank made payable to creditor did not constitute payment to the creditor until delivery of the certificate to the creditor or his personal representative, unless deposit is made pursuant to an understanding or agreement or the creditor takes some steps to appropriate the deposit.

5. LIMITATIONS OF ACTIONS—*delivery of certificate of deposit held payment reviving indebtedness.* Where debtor took out certificate of deposit made payable to order of creditor and held the certificate until after the death of the creditor at which time he delivered the certificate to the administrator, the delivery of the certificate to the administrator did not constitute merely a delivery of an asset belonging to the estate but constituted part payment which revived the indebtedness, the deposit not becoming the property of the creditor until delivery of the certificate.

6. BANKING—*debtor taking out certificate of deposit in name of creditor could dispose of it.* A debtor taking out certificate of deposit from a bank made payable to the creditor as long as he retained the certificate in his possession could dispose of it in any way he desired.

7. ESTATES OF DECEDENTS—*indebtedness adjusted against distributive share.* Indebtedness of child to estate could be adjusted against his distributive share in the estate without the necessity of suit to collect.

Appeal by defendant from the Circuit Court of Fulton county;

the Hon. GEORGE C. HILLYER, Judge, presiding. Heard in this court at the April term, 1925. Affirmed. Opinion filed October 27, 1925.

W. S. JEWELL, A. E. TAFF and F. F. PUTMAN, for appellant.

GLENN RATCLIFF, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

The appellant, Elmer Berry, borrowed $4,000 from his father, John Berry, in the year 1914, under an oral agreement to repay the same with 5 per cent interest per annum. The first year's interest was paid by the appellant. No further payment of interest was made, however, and no part of the amount borrowed was repaid. John Berry died intestate February 9, 1923, and his son Lester Berry, the appellee, was appointed administrator of the estate by the county court of Fulton county, and administered the estate. In his final report as administrator for distribution of the estate, reference is made to appellant's alleged indebtedness to the estate as follows:

"The said administrator would further report that Elmer Berry is indebted to the estate of John Berry in the sum of $4,000 together with interest on said sum for a period of six years or more; that no note was found among the papers of the said John Berry for said amount; that said administrator has not deemed it advisable to commence action on said account, but that the distributive share of the said Elmer Berry in the estate of the said John Berry should be set off against the said indebtedness owed by the said Elmer Berry to said estate, and has been so set off by this administrator, and that the said sum on hands for distribution should be distributed among the heirs of the said John Berry other than the said Elmer Berry.

"* * * The said administrator would further report that he is desirous of distributing the sum of $22,000 of the money now in his hands, prior to April

1, 1924, and asks that the court fix a time for hearing on this report, and the manner of giving notice to the said heirs and distributees, and that on said hearing an order may be entered authorizing him to make distribution of said sum to the distributees hereinafter named, in the amounts as hereinafter set forth.''

The appellant filed objections to the approval of that part of the report on the ground that he was not indebted to the estate; and that the amount claimed could not legally be set off against his share of the estate. The county court sustained the objection, but on appeal to the circuit court the objections were overruled, and the administrator's report was approved. This appeal is prosecuted from the order and judgment of the circuit court.

It is contended by the appellant that he is not indebted to his father's estate; that the amount borrowed and interest thereon claimed, prior to his father's death, had become the subject of a verbal gift by the father, *inter vivos*. A stipulation concerning the facts was entered into by the parties. That part of the stipulation which refers to this feature of the controversy is as follows:

''IT IS STIPULATED AND AGREED that Verna Berry, who is a sister of Elmer Berry, and a daughter of John Berry, deceased, would testify in this cause that within a few days after the 5th day of December, 1916, that being the day when John Berry is alleged to have conveyed by deed one forty (40) acre tract of land to Elmer Berry and another forty (40) acre tract of land to Verna Berry, that within a few days after that date and after said alleged transaction at the home of John Berry, now deceased, the said John Berry had a conversation with the witness, Verna Berry, in which he told Verna Berry that he had given to Elmer Berry the Four Thousand ($4000) Dollars that Elmer Berry had previously borrowed of him for the purpose of making up the difference to Elmer Berry between the values of the two forty (40) acre tracts of land that he had deeded, one to Elmer Berry and the other to Verna Berry.''

It will be noted that the gift claimed was of an indebtedness not evidenced by a writing obligatory, the title of which could pass by delivery but was an indebtedness subsisting in the appellant's oral promise to repay his father the amount borrowed with interest, and therefore was a chose in action and not susceptible of delivery. A delivery of the subject matter of a gift is of the essence of the title; and "if the thing be not capable of actual delivery, there must be some equivalent to it." If it be a chose in action, the law required an assignment, or some equivalent instrument, and the transfer must be actually executed. 2 Kent, Comm. p. 439; 28 Corpus Juris, p. 668, note 91; *Van Cleef v. Maxfield,* 103 Misc. 448, 171 N. Y. S. 333, affirmed 186 App. Div. 906, 172 N. Y. S. 923; *Shepard v. Shepard,* 164 Mich. 183, 129 N. W. 201; *Parker v. Mott,* 181 N. C. 435, 107 S. E. 500. A gift *inter vivos* made by parol of a chose in action of this character, not evidenced by a written instrument, is invalid. *Adams v. Merced Stone Co.,* 176 Cal. 415, 178 Pac. 498, 3 A. L. R. 928-931; *Poff v. Poff,* 128 Va. 62, 104 S. E. 719-726; *Grady v. Sheehan,* 256 Pa. 377, 100 Atl. 950; *Hawn v. Stoler,* 208 Pa. 610, 65 L. R. A. 813, 57 Atl. 1115; *Sanborn v. Goodhue,* 28 N. H. 48, 59 Am. Dec. 398. The rule emphasized in the foregoing authorities was recognized and followed in this State in *Wachsmuth v. Penn Mut. Life Ins. Co.,* 147 Ill. App. 510; *Sutton v. Lemen,* 130 Ill. App. 50. We are of opinion, therefore, that the gift claimed was not valid as a gift *inter vivos.*

It is also contended by the appellent that the indebtedness is barred by the statute of limitations. Concerning this question, it is sufficient to say that assuming that the indebtedness was barred, it was revived, and the statute tolled by the payment of the interest which had accrued thereon. On June 22, 1922, before the death of his father, appellant took out a certificate of deposit from the Fairview State Bank for the sum of $242.11, and the certificate was made payable to

the order of his father; and after the death of the father it was delivered to the administrator, in payment of part of the interest which had accrued during the lifetime of the father on the indebtedness in question. Appellant contends that the delivery of the certificate of deposit mentioned was not really a part payment of interest due, but amounted merely to a delivery to the administrator of an asset belonging to the estate of appellant's father. It must be pointed out, however, that the certificate could not legally become the property of the father, though made payable to him, without a delivery thereof. *Telford v. Patton,* 144 Ill. 611; *Fanning v. Russell,* 94 Ill. 386; *Farmers & Merchants State Bank of Marion v. Gleason,* 75 Ill. App. 251. It is not contended that the certificate in question was ever delivered. Making a deposit, merely of money due a creditor does not constitute a payment to the creditor, unless the deposit is made pursuant to an understanding or agreement with the creditor, or the creditor takes some steps to appropriate the deposit. *Stevenson v. Earling,* 213 Ill. App. 395; *Chettenham Stone & Gravel Co. v. Gates Iron Works,* 124 Ill. 623. None of the certificates of deposit taken out successively by the appellant in the lifetime of appellant's father ever became the property of the father, but always remained in the possession of and under the control of the appellant; and he had the legal right to and did dispose of them in the way he desired. If the certificate of deposit in question was not the property of appellant's father at the time of the death of the father, it follows, as a matter of course, that it was not in legal contemplation an asset of his estate, and did not become a part of the estate until it was turned over to the administrator; and it is clear that the certificate in question was delivered to the administrator to discharge a part of the interest which had accrued on the money borrowed, and that it was received by the administrator on that account. Payment of interest due on a debt revives

the debt as of the date of the payment. *Stein v. Kaun,* 244 Ill. 32; *Macfarland v. Utz,* 175 Ill. App. 525. We are of opinion therefore that at the time of the settlement of the estate of appellant's father the $4,000 borrowed by the appellant was a subsisting indebtedness, and that it was legally competent and proper to adjust the same against the distributive share of the appellant in the estate. *Egan v. Clark,* 87 Ill. App. 246; *Webb v. Fuller,* 85 Me. 433, 22 L. R. A. 177; *La Foy v. La Foy,* 43 N. J. Eq. 206, 3 Am. St. Rep. 302, 10 Atl. 266; *New v. New,* 127 Ind. 576, 27 N. E. 154; *Fiscus v. Moore,* 121 Ind. 547, 23 N. E. 362; *In re Lietman's Estate,* 149 Mo. 112, 50 S. W. 307, note in 1 A. L. R. 993, 994, 996; *Smith v. Kearney,* 2 Barb. Ch. (N. Y.) 533; *Irvine v. Palmer,* 91 Tenn. 463, 19 S. W. 326; *In re Foster's Estate,* 38 Misc. Rep. 347, 77 N. Y. S. 922.

The judgment is affirmed.

*Affirmed.*