In the Matter of Estate of Roy L. Whaley, Deceased.
Rosa B. Kimmie, Petitioner-Appellant.

Term No. 54–M–7.

Opinion filed October 4, 1954.
Released for publication October 25, 1954.

JOHN M. KARNS, and JAMES F. WHEATLEY, both of East St. Louis, for appellant.

RUSSELL H. CLASSEN, of Belleville, for appellee.

MR. PRESIDING JUSTICE SCHEINEMAN delivered the opinion of the court.

Rosa B. Kimmie filed a petition in the estate of Roy L. Whaley, deceased, claiming that a savings account standing in his name belonged to her by virtue of a gift from him prior to his death. On appeal to the circuit court and trial *de novo* without a jury it was held that the evidence was insufficient to establish a gift *inter vivos*. This appeal is from a judgment of dismissal entered at the close of petitioner's evidence.

Appellant relies principally upon the testimony of Mr. and Mrs. Beumer, friends of deceased. They stated they had often visited deceased in petitioner's home, where he had resided for many years. During a visit about a month before his death, he had brought into the room a bank book and some slips of paper which he signed in their presence. He then handed the book and papers to Mrs. Kimmie saying, "I am giving this to you as a present," or words to that effect. Mrs. Beumer states the book was a savings-account book.

Another witness testified to a somewhat disconnected conversation with Mr. Whaley about a week before his death, in which he is supposed to have said that he had given everything to Mrs. Kimmie, and she "wouldn't have to worry about money." Nothing was then said about a bank account or book.

In accordance with the provision of the Evidence Act, the court permitted the petitioner to testify in her own behalf as to matters occurring after Mr. Whaley's death. She stated that she had gone to the bank the day after his death, and presented the deposit book and one of the signed slips. The teller then gave

her a check for $3,798.64 payable to Mr. Whaley, which check was admitted in evidence. She says the check was for the full amount of the account, but the teller kept the book, and it is not in evidence.

There is some confusion in the testimony about the slips of paper. They are referred to as "withdrawal slips" and both Mr. and Mrs. Beumer were positive there had been two signed, and they both identified two slips shown them as the ones they had seen Mr. Whaley sign. On the other hand, Mrs. Kimmie stated that she had presented one of the slips to the teller with the bank deposit book. Presumably, that one presented to the bank was completely filled out by somebody, but it was not produced in evidence. Those which the other witnesses identified as the ones signed in their presence were admitted in evidence. They bear an account number and the signature of Mr. Whaley, but no date and with the following incomplete wording:

"Received of the Union Trust Company of East St. Louis ———— Dollars $——"

This is substantially the gist of all the testimony. There were no bank records introduced, nor was the teller or other bank official called.

■ There are many reported decisions concerning attempted gifts of bank accounts. In the case of a checking account, mere delivery of the deposit book is insufficient to pass title, but the rule is different as to savings-account books. It is generally held that delivery of such a book, with the expressed intent to make a gift of the account, is effective to pass title to the funds. *In re Estates of Antkowski,* 286 Ill. App. 184; *O'Connor v. Messenger,* 183 Ill. App. 1; 24 Am. Jur., Gifts, sec. 104.

■ Although the rule is clear enough, its application may be difficult, because of the requirements as to proof. One of the important factors frequently mentioned by the courts, pertains to evidence as to the

exercise of control over the subject matter of a gift after it is supposedly made *inter vivos*. It weighs heavily against a purported donee, if he asserts no claim during the life of the alleged donor. Thus, it is well settled that when the claim of a gift is not asserted until after the death of the alleged donor, it is regarded with suspicion by the courts and must be sustained by clear and satisfactory evidence of every element which is requisite to constitute a gift. *Rothwell v. Taylor,* 303 Ill. 226; *People v. Polhemus,* 367 Ill. 185; *In re Huston's Estate,* 319 Ill. App. 361; *Estate of Williams v. Tuch,* 313 Ill. App. 230; *Eichin v. Eichin,* 244 Ill. App. 89; 24 Am. Jur., Gifts, sec. 133.

When the petitioner rested, the trial judge expressed dissatisfaction with the evidence in several particulars, including the fact that the claim to the funds was not made prior to the man's death. Should this court hold that the testimony is so clear and convincing the trial judge who saw and heard the witnesses must be reversed?

In passing upon this question, we are mindful of the reasons behind the rule requiring clear and convincing evidence in a case such as this. The courts are aware that it is easy to put words in the mouth of the dead. And in a number of cases involving bank accounts, it has been pointed out that a person who has or anticipates some difficulty in getting about, may arrange for another member of the household to have access to his funds, so that his bills may be paid and proper care be provided for him.

There are unconvincing details in the record before us which raise doubts, in addition to the delay of a month and until death ensued, before any attempt to collect the money. Even then, there is no testimony that Mrs. Kimmie informed the bank teller that she claimed the money as her own. She received only a

check payable to the dead man, apparently without protest. Is this consistent with her later claim?

Other questions suggest themselves: If the deceased really meant to give the whole account to Mrs. Kimmie at the time stated, why did he not fill out completely a withdrawal slip for the amount? Why sign blank forms without date or amount? And why sign more than one? The very fact that there were at least two and possibly more signed slips suggests that they may have been intended to provide for withdrawal of funds from time to time, as the need might arise. We note that when Mrs. Beumer testified to seeing deceased sign slips in front of petitioner, she added, "I think there was always a slip for Mrs. Kimmie to get."

If the deceased intended that the funds should be used for his benefit during his lifetime, but that a balance should become Mrs. Kimmie's at his death, the attempted gift was void. To create a valid gift *inter vivos*, it is essential that it be irrevocably effective at once. *Sutton v. Lemen,* 130 Ill. App. 50; *McCartney v. Ridgway,* 160 Ill. 129; 24 Am. Jur., Gifts, sec. 22.

In view of the doubtful quality of the evidence, this court is unable to say the proof was so clear and convincing that the trial court had no alternative but to allow the petition. Accordingly, the judgment of dismissal is affirmed.

*Judgment affirmed.*

CULBERTSON, P. J. and BARDENS, J., concur.